248 So.2d 834 (1971)
John W. GLENN, Plaintiff-Appellant,
v.
Dr. Marc L. KERLIN, III, Defendant-Appellee.
No. 11628.
Court of Appeal of Louisiana, Second Circuit.
May 25, 1971.
Hal V. Lyons, Shreveport, for plaintiff-appellant.
Mayer & Smith, by Charles L. Mayer, Shreveport, for defendant-appellee.
Before BOLIN, HEARD and HALL, JJ.
BOLIN, Judge.
John W. Glenn sued Dr. Marc L. Kerlin, III for damages allegedly suffered by reason of the disclosure by defendant of plaintiff's physical condition without the latter's authorization. Plaintiff contended his privacy was invaded and as a consequence he suffered physical pain, suffering and mental anguish, embarrassment and humiliation. An exception of no cause of action was sustained by the lower court and plaintiff appeals.
The sole question on appeal is whether plaintiff has set forth a cause of action, for the determination of which we accept all allegations of the petition as true.
Dr. Kerlin had attended Glenn as his urologist from about August 4, 1967 to August 25, 1970. Sometime between this latter date and prior to October 29, 1970, petitioner was involved in a suit in which he reconvened for damages for personal injuries. We conclude from the petition that Dr. Kerlin conferred with attorneys for the defendant-in-reconvention in the mentioned suit for the purpose of assisting the attorneys in preparation of their defense to the reconventional demand. During that conference, it is alleged, Dr. Kerlin revealed plaintiffs' physical condition and made available plaintiff's medical records without any authorization by plaintiff *835 and without being so ordered by the court.
On or about October 29, 1970, the mentioned suit was tried and Dr. Kerlin testified without objection. Since we have no recourse to the record in that trial, we have no knowledge either of the testimony or of its outcome. Although plaintiff concedes the testimony of Dr. Kerlin during that trial was proper, he brought this action for damages allegedly resulting from an invasion of his privacy because of the pretrial conference conducted without his authorization.
The lower court based its decision on its interpretation of an exception in the physician-patient privilege act passed in 1968, now found in Louisiana Revised Statute 13:3734. Prior to the passage of this act there existed no such privilege in Louisiana except in criminal cases. The first sentence of the statute provides:
"A physician or surgeon licensed under the provisions of R.S. 37:1261 et seq. cannot, without the consent of his patient, be examined in a civil action, as to the fact of the attending doctor or to any information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient; * * *"
The exception provides:
"* * * where any person brings an action to recover damages, in tort or for workmen's compensation under federal or state laws, for personal injuries, such action shall be deemed to constitute a consent by the person bringing such action that any physician who has prescribed for or treated such person at any time and whose testimony is material in said action shall testify".
While we agree with the result reached by the district judge in his judgment, we do so for reasons different from those expressed in his written opinion.
Plaintiff claims the trial court erred in applying the statute and the exception to the present facts. He voices objection not to the doctor's testifying at the trial, but to the fact the doctor sat in conference with defense attorneys and revealed Glenn's medical condition to assist in preparation of the defense in the trial of his reconventional demand.
Our study of the statute convinces us it has no application to the present facts but was designed to establish the rules regarding privileged communications between a physician and his patient where testimony of an attending physician is sought during a civil action.
The instant case falls into a different category since plaintiff alleges he had no objection to Dr. Kerlin's testifying in the prior suit. This is a suit for invasion of privacy, for which a right of action existed prior to the enactment of the 1968 statute.
Beginning with the early case of Denis v. Leclerc, 1811, 1 Mart.(O.S.) 297, Louisiana courts have recognized the invasion of a person's right of privacy as constituting a tort for which an action in damages will lie. A distillation of jurisprudential definitions of the right of privacy is found in Hamilton v. Lumbermen's Mutual Casualty Co. (La.App. 1 Cir. 1955), 82 So.2d 61:
"What is the right of privacy?
"It has been defined in many different ways, but each definition conveys one meaning.
"It has been defined as `the right to be let alone's and as `the right to live one's life in seclusion, without being subjected to unwarranted and undesired publicity'. According to another definition, it is `the right to live without unwarranted interference by the public about matters with which the public is not necessarily concerned'." *836 (See citations, p. 63.) * * *
"Louisiana also recognizes this right." (See cases cited, p. 64)
The violation of the right of privacy is a direct invasion of a legal right and constitutes a tort under Louisiana Civil Code 2315. Generally, such suits are predicated on coercive actions of creditors in collecting debts; unauthorized publication of plaintiff's picture for advertising purposes; employer's unauthorized use of pictures of plaintiff's would as "shocker" to remind fellow employers of consequences of industrial accident; or upon revelations made to investigators in workmen's compensation cases.
Many, if not all, of the jurisdictions recognizing the action for invasion of privacy also recognize that when complainant has instituted suit to recover damages in tort or workmen's compensation, based on his physical condition which he contends was wrongfully disclosed by the physician, he no longer may claim the sanctity of his privacy. See Pennison v. Provident Life & Accident Insurance Company (La. App. 4 Cir. 1963), 154 So.2d 617; 20 A.L. R.3d 1114, 1121, 21 A.L.R.3d 917-918; Souder v. Pendleton Detectives, Inc. (La. App. 1 Cir. 1956), 88 So.2d 716.
Since, by plaintiff's own allegations, defendant's conference with the defense attorneys was for the purpose of assisting the attorneys in preparing a defense to plaintiff's reconventional demand for personal injuries, he has made a legal issue of the very thing (i. e., his physical condition) which he now claims should be cloaked with privacy. Hence, he has failed to state a cause of action.
For the reasons assigned the judgment maintaining the exception of no cause of action is affirmed at appellant's cost.