589 So.2d 40 (1991)
Don C. LEGER
v.
C.E. Postell SPURLOCK, M.D., Baton Rouge General Medical Center, Inc. et al.
No. CA90 1152.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
*41 Nanette H. Cagney, Thomas E. Guilbeau, Lafayette, for plaintiff-appellant Don C. Leger.
W. Wayne Gaudin, Jr., Baton Rouge, for defendant-appellee C.E. Postell Spurlock, M.D.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
This is an appeal by plaintiff from the trial court's granting of an exception of prematurity.
Plaintiff, Don C. Leger, filed suit against defendant, C.E. Postell Spurlock, M.D.[1] The petition alleged the following:
On December 12, 1988, Don Leger was involuntarily committed to Chemical Dependency Unit (CDU) at Baton Rouge General Medical Center, Inc. Upon admission to the CDU, Leger spoke freely to Dr. Spurlock about the problems which were the alleged basis for his commitment. Leger believed that everything he said to Dr. Spurlock was protected under "doctor-patient confidentiality." About two days after plaintiff's admission to the hospital, Dr. Spurlock called the district attorney of St. Landry Parish, Morgan Goudeau, and an attorney, Mr. Otis Laminek, and discussed Leger's case with these parties. In making these calls without the consent or knowledge of Leger, Dr. Spurlock "breached the confidentiality guaranteed to the patient pursuant to LSA-R.S. 13:3734, 42 U.S.C. 290 dd-3, 42 U.S.C. 290 ee-3, and 42 C.F.R. Part II (Subpart E)." Based on the information which Spurlock provided to the St. Landry Parish district attorney, a criminal investigation was begun. As a result of Dr. Spurlock's breach of confidentiality, Leger has suffered permanent injuries to his reputation and to his marriage, has been fired from his employment as a police officer in St. Landry Parish, and has criminal charges pending against him in state court.
In response to plaintiff's petition, defendant raised the dilatory exception of prematurity, claiming that before any action can be commenced against a health care provider, the complaint must be presented to a medical review board as required by the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41 et seq.[2] The trial court rendered judgment sustaining the exception of *42 prematurity and dismissing plaintiff's suit against defendant with prejudice.
Plaintiff appeals the trial court's judgment, contending that the court erred when it ruled that his petition was premature. More specifically, plaintiff asserts that his cause of action for breach of confidentiality, which he argues is based on implied contract and tort, arises out of La.R.S. 13:3734 and several federal statutes rather than La.R.S. 40:1299.41 et seq. Thus, he contends that his action should not be subject to the requirements of the Louisiana Medical Malpractice Act.
La.R.S. 13:3734 provides, in pertinent part, as follows:
A. As used in this Part:
(1) "Health care provider" means a ... person ... licensed by the state to provide health care or professional services as a physician ... acting in the course and scope of his employment.
(2) "Patient" means a natural person who receives health care from a licensed health care provider.
. . . . .
(5) "Communication" means the acquiring... or transmittal, of any information, in any manner whatsoever, concerning any facts, opinions or statements necessary to enable the health care provider to diagnose, treat, prescribe or to act for the patients; ...
B. Except as hereinafter provided, in civil cases, proceedings before a medical review panel, pursuant to R.S. 40:1299.47 and in medical and dental arbitration proceedings, pursuant to R.S. 9:4230-4236, and in proceedings and investigation preliminary to all such actions, a patient or his authorized representative, has a privilege to refuse to disclose and to prevent a health care provider from disclosing any communication, wherever made, relating to any fact, statement or opinion which was necessary to enable that health care provider or any other health care provider to diagnose, treat, prescribe or act for the patient.
La.R.S. 40:1299.47A(1) provides, "[a]ll malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section."
La.R.S. 40:1299.47B(1)(a)(i) provides, "[n]o action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section."
The disclosure by a doctor to a third person of medical information may give rise to causes of action for breach of a statutory privilege, for invasion of privacy or for a breach of contract. See Williams v. Sistrunk, 417 So.2d 14 (La.App. 4th Cir. 1982); Glenn v. Kerlin, 248 So.2d 834 (La. App. 2d Cir.1971); Hammonds v. Aetna Casualty & Surety Company, 243 F.Supp. 793 (N.D.Ohio 1965).
Appellant correctly asserts that his cause of action for breach of confidentiality does not arise pursuant to La.R.S. 40:1299.41 et seq. However, the same is true of all cases subject to this statute, since it does not itself create any causes of action, but is merely part of the procedural scheme created by the legislature to regulate malpractice claims. La.R.S. 40:1299.47 clearly provides that all malpractice claims against qualified health care providers must be reviewed by a medical review panel prior to instituting suit. We find the provisions of this statute to be applicable to all "malpractice" claims, as defined in the Medical Malpractice Act, regardless of the basis for the cause of action being advanced.
La.R.S. 40:1299.41A(8), in pertinent part, provides:
"Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient,...
*43 Appellant contends that the cause of action for breach of patient-physician confidentiality is based in implied contract and tort. We agree and accordingly find that appellant's breach of confidentiality claim alleges a "breach of contract based on ... professional services rendered ... by a health care provider, to a patient". Thus, plaintiff's claim alleges malpractice and is subject to the requirements of the Medical Malpractice Act.
In Hammonds v. Aetna Casualty & Surety Company, 243 F.Supp. at 801, the court recognized that a doctor who makes an unauthorized divulgence of confidence should respond in damages as a result of the breach of an implied condition of the contract that arises when a physician is employed in his professional capacity by a patient:
Any time a doctor undertakes the treatment of a patient, and the consensual relationship of physician and patient is established, two jural obligations (of significance here) are simultaneously assumed by the doctor. Doctor and patient enter into a simple contract, the patient hoping that he will be cured and the doctor optimistically assuming that he will be compensated. As an implied condition of that contract, this Court is of the opinion that the doctor warrants that any confidential information gained through the relationship will not be released without the patient's permission. Almost every member of the public is aware of the promise of discretion contained in the Hippocratic Oath, and every patient has a right to rely upon this warranty of silence. The promise of secrecy is as much an express warranty as the advertisement of a commercial entrepreneur. Consequently, when a doctor breaches his duty of secrecy, he is in violation of part of his obligations under the contract.
The Hammonds court also characterized an action for a doctor's unauthorized divulgence of confidences as sounding in tort based on the invasion of the privacy of his patient. In Louisiana, the unauthorized disclosure by a doctor of a patient's medical condition has also been recognized to give rise to a cause of action for invasion of privacy. Glenn v. Kerlin, 248 So.2d 834.
Although the unauthorized disclosure of confidences which allegedly occurred in this case can be classified as an invasion of privacy and thus, an intentional tort, which falls outside of the definition of "malpractice" as defined in the Act, we find the provisions of the Act are still controlling because the facts alleged also give rise to a cause of action for breach of contract, which is encompassed within the definition of "malpractice". See Cashio v. Baton Rouge General Hospital, 378 So.2d 182 (La.App. 1st Cir.1979). Thus, the trial court correctly sustained defendant's exception of prematurity.
Once appellant has complied with the provisions of the Medical Malpractice Act, he should be able to pursue his suit in court. Thus, we find the trial court erred in dismissing plaintiff's suit with prejudice. Therefore, we amend the trial court's judgment to provide that plaintiff's suit be dismissed without prejudice.
For the above reasons, the judgment of the trial court is amended and, as amended, affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Other defendants, who are not pertinent for purposes of this appeal, were also named in the suit.
[2] Dr. Spurlock's dilatory exception stated that he was qualified and accepted under the provisions of the Louisiana Medical Malpractice Act prior to and on December 12, 1988.