934 So.2d 753 (2006)
Kae Francis THOMAS
v.
STATE EMPLOYEES GROUP BENEFITS PROGRAM.
No. 2005 CA 0392.
Court of Appeal of Louisiana, First Circuit.
March 24, 2006.
*755 Richard L. Fewell, Jr., Robert T. Knight, West Monroe, Counsel for Plaintiff/Appellant Kae Francis Thomas.
Pamela Bartfay Rice, Baton Rouge, Counsel for Defendant/Appellee State Employees Group Benefits Program.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
GAIDRY, J.
The plaintiff-appellant, Kae Francis Thomas, appeals a judgment of the 19th Judicial District Court sustaining the peremptory exception of prescription of the defendant-appellee, the Louisiana Division of Administration, Office of Group Benefits (OGB),[1] and dismissing her petition with prejudice. For the following reasons, we affirm.

FACTS AND PROCEDURAL BACKGROUND
Plaintiff, an employee of the Ouachita Parish School Board, filed a petition for damages against OGB, her group health and hospitalization plan, on May 17, 2004. She alleged that she was diagnosed as having mammary hypertrophy, for which bilateral breast reduction surgery was recommended by her physician. She further alleged that on November 30, 1999, her physician mailed medical records and photographs to OGB to document the medical necessity of the recommended procedure. The photographs depicted plaintiff nude from the waist up. According to plaintiff, the records and photographs were "signed for" by a representative of OGB on December 8, 1999.[2] Plaintiff further claimed that upon contacting OGB by telephone in mid-December, she learned that OGB had lost the photographs, and that the photographs remained lost through the time her petition was filed.
Plaintiff alleged that OGB was negligent in losing and failing to recover the photographs, and that it intentionally or negligently caused her emotional distress. She further contended that OGB is liable to *756 her for damages under both a "continuing tort theory" and a "contract theory." The only factual basis stated for the latter theory of recovery was "the premise that the relationship between [plaintiff] and [OGB] was that of an insurance contract or agreement."
On July 6, 2004, OGB filed a peremptory exception of prescription, objecting to plaintiff's petition on the grounds that her alleged cause of action was prescribed. The exception was originally fixed for hearing on September 20, 2004, but the hearing was continued to November 8, 2004. No evidence was introduced on behalf of either party at the hearing. At the conclusion of the hearing, the trial court ruled in favor of OGB. Its judgment sustaining the exception and dismissing plaintiff's petition and cause of action with prejudice was signed on December 9, 2004.
Plaintiff now appeals, contending that the trial court erred in failing to find her allegations sufficiently stated both a continuing tort and a cause of action based in contract and in dismissing her petition.

ANALYSIS
All personal actions, including actions to enforce contractual obligations, are generally subject to a liberative prescription of ten years, unless otherwise provided. La. C.C. art. 3499. Delictual actions are subject to a liberative prescription of one year, running from the day injury or damage is sustained. La. C.C. art. 3492. As plaintiff's petition was filed some four-and-a-half years after the time she learned of the photographs' loss, the proper characterization of the nature of her cause of action is crucial to the determination of the issues before us.
In the case of Leger v. Spurlock, 589 So.2d 40 (La.App. 1st Cir.1991), the plaintiff, a police officer, sued a physician for breach of confidentiality, alleging that the physician violated the physician-patient privilege by discussing his chemical dependency treatment with a district attorney, with the result that the plaintiff was fired and had criminal charges brought against him. The defendant physician responded to the suit with a dilatory exception of prematurity, arguing that the claim was required to be presented to a medical review panel under the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, et seq. The plaintiff contended that because his cause of action was based on implied contract and intentional tort, it fell outside the definition of malpractice. Although we agreed with the plaintiff's dual characterization of his cause of action, we nevertheless held that the Medical Malpractice Act applied, since the cause of action for breach of contract was encompassed within the statutory definition of malpractice. Id. at 43. In so doing, we observed that a physician's unauthorized divulgence of confidence constituted "the breach of an implied condition of the contract that arises when a physician is employed in his professional capacity by a patient," an implied condition having its basis in the venerable Hippocratic Oath.[3]Id.
In the case of a health care insurer, however, no corresponding implied condition *757 of confidentiality can be read into its contract with its insured by virtue of its intrinsic nature or longstanding custom or tradition. A contractual duty on the part of an insurer to maintain the confidentiality of its insured's medical records might arise independently of any duty under the general tort law, if the insurer expressly assumes such an obligation under the terms of the insurance contract. See, e.g., Robley v. Blue Cross/Blue Shield of Mississippi, 2003-CA-02209-COA, pp. 3-4 (Miss.App.6/21/05), 935 So.2d 1021, 1023, 2005 WL 1500300. But plaintiff has neither shown nor argued how the terms of the contract in question established such a contractual duty on OGB's part. In this appeal, she simply asserts that because her relationship with OGB is contractual, and because the photographs were sent in order to substantiate her claim for benefits under the insurance contract, the duty allegedly breached is contractual. We disagree.
The nature of the duty breached determines whether the action is in tort or in contract. Roger v. Dufrene, 613 So.2d 947, 948 (La.1993). The classic distinction between damages ex contractu and damages ex delicto is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons. Trinity Universal Insurance Company v. Horton, 33,157, p. 2 (La.App. 2nd Cir.4/5/00), 756 So.2d 637, 638, citing Harrison v. Gore, 27,254, p. 8 (La.App. 2nd Cir.8/23/95), 660 So.2d 563, 568, writ denied, 95-2347 (La.12/8/95), 664 So.2d 426. Even when tortfeasor and victim are bound by a contract, courts usually apply the delictual prescription to actions that are actually grounded in tort. Id. The mere fact that the circumstances arose in the context of a contractual relationship does not make the cause of action contractual. The courts are not bound to accept a plaintiff's characterization of the nature of his cause of action if unsupported by factual allegations. See United Gas Pipe Line Company v. Cargill, Inc., 612 So.2d 783, 786 (La.App. 1st Cir.1992).
We of course accept the proposition that a cause of action may exist against an insurer who intentionally or negligently discloses an insured's confidential medical records. Such a cause of action, however, does not derive from any implied condition of the insurance contract or policy, as would be the case in a physician-patient relationship. Rather, it derives from the general duty to act reasonably to avoid injury to others, imposed by La. C.C. arts. 2315 and 2316. Such duty encompasses the duty to avoid unnecessary and unreasonable invasion of the privacy of another, a fundamental right recognized under the Fourth Amendment of the United States Constitution.
Article 1, § 5 of the Louisiana Constitution expressly sets forth the constitutional right of every person to be "secure in his person, property, communications, houses, papers, and effects against unreasonable ... invasions of privacy." Since 1905, Louisiana has expressly recognized a civil cause of action for invasion of privacy. Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386, 1388-89 (La.1979).[4] The right to privacy has been defined in Louisiana as "the right to be let alone" and "the right to an inviolate personality." Id. at 1388. A violation of such right by another may be actionable in tort. Id. at *758 1388-89. An actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interest. Id. at 1389. Here, plaintiff has sufficiently alleged facts supporting a delictual cause of action for invasion of privacy.[5]See Doe v. Smith, 05-0653, pp. 4-5 (La.App. 4th Cir.7/13/05), 913 So.2d 140, 143.
On the face of her petition, plaintiff's cause of action, sounding in tort, has prescribed. When a cause of action is prescribed on its face, the burden is upon the plaintiff to show that the running of prescription was suspended or interrupted in some manner. Jonise v. Bologna Brothers, 01-3230, p. 6 (La.6/21/02), 820 So.2d 460, 464. Thus, the burden of proof shifted to Ms. Thomas to establish that her claim was not prescribed. At the hearing on the exception, however, plaintiff offered no proof of the existence of the alleged contractual duty undertaken by OGB, and no evidence of interruption of prescription by virtue of a continuing tort.
At the hearing of a peremptory exception (except one raising the objection of no cause of action), "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La. C.C.P. art. 931. (Our emphasis.) Generally, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and those alleged facts are accepted as true. Tranum v. Hebert, 581 So.2d 1023, 1026 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991). But the latter principle applies only to properly-pleaded material allegations of fact, as opposed to allegations deficient in material detail, conclusory factual allegations, or allegations of law. Kirby v. Field, 04-1898, p. 6 (La.App. 1st Cir.9/23/05), 923 So.2d 131, 135.
In her petition, plaintiff alleged that OGB was "liable in negligence" to her for losing and failing to recover the photographs, and that its negligence constituted a continuing tort "since the photographs are still lost to this day and have never been returned." She further alleged that she has suffered emotional distress and mental anguish in not knowing who has possession of the photographs and who has been allowed to view them. On appeal, plaintiff continues to define OGB's continuing tort as its ongoing failure "to find the photographs which it lost." Plaintiff has not suggested the existence of any other act or omission committed by OGB since the initial loss of the photographs.
We must agree with OGB that plaintiff has neither alleged nor proven the existence of a continuing tort for purposes of determining the issue of prescription. In order to allege a continuing tort, a plaintiff must allege both continuous action and continuous damage. Abrams v. Herbert, 590 So.2d 1291, 1294 (La.App. 1st Cir.1991). If the "operating cause" of the damage is discontinuous in nature, even if the damage is continuous, the continuing tort theory is inapplicable, and "prescription runs from the date that knowledge of such damage was apparent or should have been apparent to the injured party." Crump v. Sabine River Authority, 98-2326, p. 7 (La.6/29/99), 737 So.2d 720, 726.
*759 Here, plaintiff has alleged continuous damage, but not a continuous or repetitive operating cause of such damage. But for the initial loss of the photographs, there would be no purported duty on the part of OGB to locate them; any duty to locate them would stem from its obligation under La. C.C. art. 2315 to repair damages caused by the wrongful act of losing them. See Crump, 98-2326 at p. 11, 737 So.2d at 729. In other words, if the photographs were not lost to begin with, any duty to recover them would simply not exist, and the failure to recover them would obviously not constitute a separate tort. It is not the failure to find the photographs, standing alone, that is the legal cause of plaintiff's claimed continuing damages, but the loss of the photographs. "[T]he breach of the duty to right a wrong and make the plaintiff whole simply cannot be a continuing wrong which suspends the running of prescription, as that is the purpose of any lawsuit and the obligation of every tortfeasor." Id.[6]
Louisiana Code of Civil Procedure Article 934 provides as follows:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
In the context of an objection of prescription, the jurisprudence has interpreted the foregoing provision to mean that where a plaintiff's cause of action is prescribed on its face, and the plaintiff has the opportunity but fails to offer any evidence at the hearing of a peremptory exception that his claim was filed timely, he has failed to adequately establish that amendment of his petition might remove the grounds of the objection. Comardelle v. Jeandron Chevrolet, Inc., 449 So.2d 601, 605 (La.App. 1st Cir.), writ denied, 456 So.2d 1015 (La.1984). See also Whitnell v. Menville, 540 So.2d 304, 309 (La.1989); Mitchell v. Terrebonne Parish School Board, 02-1021, p. 6 (La.App. 1st Cir.4/2/03), 843 So.2d 531, 534, writ denied, 03-2275 (La.11/26/03), 860 So.2d 1135. Not only did plaintiff fail to offer any factual evidence of a continuing tort or an express contractual duty at the hearing, she has since failed to assert or even suggest the existence of facts sufficient to support a contractual basis for her cause of action against OGB, as opposed to a delictual basis. Accordingly, the judgment sustaining the exception was correct and plaintiff was not entitled to an opportunity to amend her petition under La. C.C.P. art. 934.

DECREE
The judgment of the trial court, sustaining the peremptory exception of prescription and dismissing the petition and cause of action of the plaintiff-appellant, Kae Francis Thomas, is affirmed. All costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.
NOTES
[1] In the petition, defendant was identified by its former statutory designation of the State Employees Group Benefits Program. It was redesignated under its current name by Acts 2001, No. 1178. See La. R.S. 42:801, et seq.
[2] Presumably, the documents were sent by certified or registered mail, or by another form of mail requiring signed delivery confirmation. In her petition and in her brief to this court, plaintiff contends that the mailing was by certified mail.
[3] See Hammonds v. Aetna Casualty & Surety Company, 243 F.Supp. 793, 801 (N.D.Ohio 1965). The classical version of the Hippocratic Oath contains the following promise of discretion on the physician's part: "What I may see or hear in the course of the treatment or even outside of the treatment in regard to the life of men, which on no account one must spread abroad, I will keep to myself, holding such things shameful to be spoken about." The modern version, composed in 1964 by Dr. Louis Lasagna of Tufts University School of Medicine, provides: "I will respect the privacy of my patients, for their problems are not disclosed to me that the world may know."
[4] See Itzkovitch v. Whitaker, 115 La. 479, 482, 39 So. 499, 500 (La.1905). The right was implicitly recognized in Louisiana as early as 1811. See Denis v. Leclerc, 1 Mart. (O.S.) 297 (1811).
[5] Apart from their inherently personal subject matter, the photographs' character as medical records clearly support plaintiff's asserted privacy interest. See La. R.S. 13:3715.1 and 13:3734; La. R.S. 44:12; La. C.E. art. 510(A)(8)(b). See also the Health Insurance and Accountability Act of 1996, Pub.L. 104-191, 110 Stat.1936; 42 U.S.C. § 1320d-2; and 45 C.F.R. §§ 160.300, et seq.
[6] We distinguish the present factual situation from one in which confidential medical records or private, personal photographs are repetitively exhibited or published by an unauthorized possessor.