IgCANNELLA, Judge.
Plaintiff, Donald G. Lambert Contractor, Inc. (Lambert), appeals from a judgment rendered in favor of third party defendant, State of Louisiana through the Department of Transportation and Development (DOTD), granting DOTD’s exception of prescription and peremption and dismissing Lambert’s claims against DOTD. For the reasons which follow, we affirm.
In November of 1972, after compliance with appropriate bid laws and resolutions of the Parish of Jefferson Council, Lambert entered into a construction contract with the Parish of Jefferson (the Parish). The contract basically required Lambert, as contractor, to perform certain construction work on six intersectional roadways located in Jefferson Parish according to the plans prepared for the project. Lambert performed the work as required. On February 14,1974, the Jefferson Parish Council, by. resolution, accepted |3the project as complete. A Notice of Completion was issued by DOTD on February 25,1974. .
Thereafter, on February 25,1975, Lambert filed suit against the Parish, alleging that it breached its contract with Lambert by fading to resolve utility conflicts and providing outfall drainage on the construction sites, which resulted in costly construction delays. On May 22,1975, the Parish filed an exception to Lambert’s lawsuit on the grounds that- he failed to join an indispensable party, to-wit, DOTD. On March 24, 1980, after a hearing on the exception, the trial court rendered judgment, with reasons, denying the exception.
It appears from the record that, following this ruling until October 18,1995, only minor filings were made every five years. Then, on October 18, 1995, the Parish filed a third party demand against DOTD, denying liability to Lambert but claiming that, if it were liable, then DOTD was liable to the Parish because the Parish had acted merely as an agent of DOTD who had prepared the contracts, supervised and coordinated the work.
On July 25,1996, DOTD filed an exception of prescription and peremption. DOTD argued that under La. C.C. art. 3499, providing a ten year prescriptive period for contract claims, the Parish’s claim had prescribed. DOTD also argued that La. R.S. 9:2772 imposed a ten year peremptive period, following the acceptance of a work project by the owner, precluding thereafter any actions in *896 volving deficiencies in surveying, design, supervision of construction or construction of immovables or improvements thereon.
|4On July 31, 1996, the Parish filed a supplemental third party demand claiming that DOTD owed the Parish indemnity and contribution for any recovery Lambert might secure against the Parish.
On August 23, 1996, the trial court, heard the exception and referred the prescription and peremption exceptions to the merits.
On the day of trial, Lambert and the Parish filed a joint motion to continue the trial because they were in the process of working out a settlement that only needed final approval by the Jefferson Parish Council. Pursuant to that settlement, Lambert was paid $400,000 by the Parish and assigned the rights of the Parish against DOTD. Lambert thereafter, with leave of court, filed an opposition to DOTD’s exception of prescription and peremption. Judgment was rendered by the trial court on October 11, 1996, granting the exception- and dismissing Lambert’s claims against DOTD. It is from this judgment that Lambert now appeals.
On appeal Lambert argues that La.R.S. 9:2772 does not apply in this case because it does not apply to the owners of the immovable involved. Lambert also argues that the ten year prescriptive period provided in La! C.C. art. 3499 does not preclude his action because the prescriptive period does not begin to run until the third party plaintiff, the party seeking indemnification, is cast in judgment [1].
DOTD argues, to the contrary, that La. R.S. 9:2772 is applicable in this case because the Parish is considered the owner of the property and not DOTD. Further, the action against DOTD is not in its capacity as the | gowner of the property. Rather, the action against DOTD is based on two contractual claims: (1) for its failure to properly plan, supervise and coordinate the construction project; and (2) for reimbursement as provided by the contract. DOTD also disputes Lambert’s contention on thé prescription issue. DOTD argues that prescription on these contractual claims began to run when Lambert filed his action against the Parish for supplemental costs which he had incurred due to alleged breaches of the contract. Indeed, the record indicates that the Parish attempted to add DOTD as an indispensable party at that time. However, when that effort failed, the Parish allowed any claims it may have had against DOTD to prescribe by not filing the third party claim against DOTD until about twenty years later.
La. R.S. 9:2772, which provides a per-emptive period for actions involving deficiencies in surveying, design, supervision or construction of immovables or improvements thereon, states in pertinent part:
A. No action whether ex contract, ex delicto, or otherwise, including but not limited to, an action for failure to warn, to recover on a contract or to recover damages shall be brought ... against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner;
B. ... This peremptive period shall extend to every demand whether brought by direct action or for contribution or indemnity .or by third party practice, |6and whether brought by the owner or by any other person.
As argued by DOTD and found by the trial court, this statute is directly applicable to the action asserted herein by Lambert, who was assigned the claims of the Parish against DOTD, as the planner, supervisor and coordinator of the construction project between *897 Lambert and the Parish. Additionally, as expressly stated in subsection B, it applies to any contractual claim the Parish may have against DOTD for indemnity.
The Parish accepted the project by Jefferson Parish Council resolution- on February 14, 1974 and DOTD issued a Notice of Completion on February 25, 1974. Thus, the project was accepted by the Parish and DOTD at least twenty years before the Parish filed the third party claim against DOTD.
We find no merit in Lambert’s argument that La. R.S. 9:2772 does not apply in this case because DOTD is the owner of the immovable. First, there is no showing that the six intersections in question, located in Jefferson Parish, are owned by the state. Moreover, the limitation in the statute in subsection F, relied on by Lambert, applies when an action is brought against the owner of the property, as owner. In the instant case, the third party claim against DOTD is not as owner of the property, but in their alleged failure to supervise, plan and coordinate the project properly or as contractual indemnitor to the Parish. Accordingly, the action by Lambert against DOTD is, as found by the trial court, barred by La. R.S. 9:2772.
Furthermore, we likewise find no error in the trial court determination that Lambert’s claims against DOTD are also barred by La. C.C. art. 3499, liberative prescription of ten years.
^Lambert’s claims against DOTD, as as-signee of the rights of the Parish against DOTD, are based solely on the Parish’s contractual relationship with DOTD. As such, they are subject to liberative prescription of ten years. La. C.C. 3499.
Lambert does not dispute this, but argues that the ten year period should not commence to run until the Parish paid Lambert or was held hable to Lambert. We disagree.
It is well settled that the ten year prescriptive period for liberative prescription commences to run at the time of the breach or at the time the cause of action arises. Most of Lambert’s claims against DOTD are for DOTD’s failure to plan, supervise and coordinate the construction project. Those breaches of their contractual responsibilities, if they occurred, occurred sometime between 1972 and 1974 when the construction project was underway. That is at least twenty years prior to suit being filed against it. Thus, they are clearly barred.
Similarly, any contractual claims the Parish may have had for reimbursement by DOTD for its expenditures on the project have likewise prescribed. The part of the contract requiring reimbursement states:
The Department [DOTD] will reimburse the Parish monthly seventy-five percent (75%) of the costs of engineering services, right of way acquisitions, utility adjustments and the costs -of construction and construction supervision. The Parish shall render invoices monthly for reimbursement which invoices shall be certified to as correct by the proper designated official of the Parish.
Prescription begins to run when plaintiff has a reasonable basis to pursue a claim against a specific defendant. Leach v. Alonso, 95-325 (La.App. 3rd Cir. 10/4/95), 663 So.2d 344. The focus is on the reasonableness of the claimant’s action or inaction. Leach, supra.
In this ease, the reciprocal contractual obligations required the Parish to submit certified monthly invoices to DOTD and for DOTD to reimburse the Parish 75% of the costs. The Parish, in February of 1974, accepted the project as complete. One year later, the Parish was sued by Lambert for additional expenses. In 1974, the Parish attempted to bring DOTD into the lawsuit arguing, by exception, that DOTD was an indispensable party. Although that effort failed because the trial court found that DOTD was not an indispensable party and denied the Parish’s exception, the Parish nevertheless had a cause of action against DOTD at that time and, hence, prescription began to run then. Therefore, the third party claim filed by the Parish against DOTÍ) twenty years later is, as held by the trial court, prescribed.
Lambert’s reliance on eases holding that prescription against an indemnitor does not begin to run until the indemnitee is east in *898 judgement is misplaced. DOTD’s liability to the Parish, if it existed at all, was a contractual one derived solely from the contractual agreement between the parties. According to the contract, the Parish did not timely bill DOTD for the added costs, or bring DOTD into the lawsuit by Lambert, within the ten year period, despite the fact that, it knew a claim was being made by Lambert for extra expenses. Therefore, those claims prescribed, in accordance with La. C.C. art. 3499, ten years after the obligation arose.
Accordingly, for the reasons set forth above, the judgment of the trial court granting DOTD’s exception of prescription and peremption and | gdismissing Lambert’s claims against DOTD is affirmed. Costs of appeal are to be paid by Lambert.
AFFIRMED.

. Lambert also filed a "Motion to Strike References to Depositions Not in Record”. This motion was referred to the merits. Lambert is correct that attachments to briefs which are not part of the record on appeal are not to be considered by the appellate court, and they have not been considered in this case.