# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2009

Charles R. Fulbruge III
Clerk

No. 07-31015

———

JENNIFER BRUNEY RICHARD, Individually and on behalf of all others similarly situated and on behalf of Dewey Bruney Estate

Plaintiff-Appellant

v.

WAL-MART STORES INC; WAL-MART STORES INCORPORATED CORPORATION GRANTOR TRUST

Defendants-Appellees

———

Appeal from the United States District Court
for the Western District of Louisiana

———

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge.

This dispute arises out of a life insurance program through which Defendants-Appellees Wal-Mart Stores, Inc. and Wal-Mart Stores Incorporated Corporation Grantor Trust ("Wal-Mart") procured life insurance policies on its rank-and-file employees. These policies have been challenged for violating prohibitions on obtaining life insurance policies without an insurable interest. Plaintiff-Appellant Jennifer Bruney Richard ("Richard"), on behalf of herself, the estate of Dewey Bruney ("Bruney"), and all others similarly situated, filed suit against Wal-Mart seeking damages on such a policy under Louisiana's insurable

interest statute. LA. REV. STAT. § 22:613(B). The case turns on whether Richard's suit is timely. The district court granted summary judgment for Wal-Mart finding Richard's suit time-barred. Richard appeals. For the reasons set forth below, we reverse.

## I. FACTS AND PROCEEDINGS

On December 28, 1993, Wal-Mart took out a life insurance policy on its employee Bruney. Wal-Mart purchased this policy as part of its "Corporate Owned Life Insurance" ("COLI") program, in effect from 1993 to 2000. Bruney died on January 19, 1996 and Wal-Mart received the life insurance proceeds on November 27, 1998. Richard did not become aware of Wal-Mart's COLI program until some time in June 2005. She filed suit against Wal-Mart on August 24, 2006 seeking the insurance benefits obtained by the company, claiming that Wal-Mart violated Louisiana's insurable interest statute by obtaining a life insurance policy on an individual in whom it had no insurable interest.[1] LA.

---

[1] The relevant sections of the Louisiana insurable interest statute provide as follows:

A. Any individual of competent legal capacity may procure or effect an insurance contract upon his own life or body for the benefit of any person. But no person shall procure or cause to be procured any insurance contract upon the life or body of another individual unless the benefits under such contract are payable to the individual insured or his personal representatives, or to a person having, at the time when such contract was made, an insurable interest in the individual insured.

B. If the beneficiary, assignee or other payee under any contract made in violation of this Section receives from the insurer any benefits thereunder accruing upon the death, disablement or injury of the individual insured, the individual insured or his executor or administrator, as the case may be, may maintain an action to recover such benefits from the person so receiving them.

REV. STAT. § 22:613(A)–(B). Richard also sued for unjust enrichment and sought class action certification under Rule 23. FED. R. CIV. P. 23(b)(3).

On May 21, 2007, the district court granted summary judgment in favor of Wal-Mart, dismissing Richard's unjust enrichment claim. On October 9, 2007, the district court granted a second summary judgment in favor of Wal-Mart. The district court determined that Richard's claim was a tort action subject to the one-year statute of limitations and dismissed Richard's claim as time-barred. Richard timely appealed.

## II. STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment de novo. See Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 332 (5th Cir. 2005). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "We consider the evidence in a light most favorable to [Richard], the non-movant, but she must point to evidence showing that there is a genuine fact issue for trial" to survive summary judgment. Richardson, 434 F.3d at 332.

## III. APPLICABLE LAW

Richard's claim arises under Louisiana's insurable interest statute. LA. REV. STAT. § 22:613(B). Thus, Louisiana law governs.[2] See Krieser v. Hobbs, 166

_____

LA. REV. STAT. § 22:613(A)–(B)

[2]In Appellant's Reply Brief, Richard asserts for the first time that Oklahoma law may apply to the tolling agreement with Wal-Mart. This argument is not properly before the court. This court has consistently held that "arguments not raised before the district court are waived and cannot be

3

F.3d 736, 739 (5th Cir. 1999) (holding that a federal court sitting in diversity applies state substantive law). The Louisiana statute provides a cause of action to recover benefits from anyone who procures and receives benefits under a life insurance policy without an insurable interest. LA. REV. STAT. § 22:613(A)-(B). Section 22:613 does not specify a prescription period and does not define the cause of action as either tort or contract. The court must therefore ascertain the nature of Richard's action and apply the relevant prescription period.

Under Louisiana law, "[t]he correct prescriptive period to be applied in any action depends on the nature of the action; it is the duty breached that should determine whether an action is in tort or contract." Terrebonne Parish Sch. Bd. v. Mobil Oil Corp., 310 F.3d 870, 886 (5th Cir 2002); see also Trinity Universal Ins. Co. v. Horton, 756 So.2d 637, 638 (La. Ct. App. 2000). Contract actions are governed by a ten year prescriptive period. See La. Civ. Code art. 3499; Strahan v. Sabine Ret. & Rehab. Ctr., 981 So.2d 287, 291 (La. Ct. App. 2008). The prescription period begins to run from the time of breach or the time the cause of action arises. Douglas A. Lambert Contractor, Inc. v. Parish of Jefferson, 700 So.2d 894, 897 (La. Ct. App. 1997). Actions for unjust enrichment also have a ten year statute of limitations period. See LA. CIV. CODE art. 3499; Safeco Ins. Co. v. Farm Bureau Ins. Co., 490 So.2d 565, 570 (La. Ct. App. 1986). Like other delictual actions, conversion[3] has a one year prescriptive period. See La. Civ.

---

raised for the first time on appeal." LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 387 (5th Cir. 2007); See also Keelan v. Majesco Software, Inc., 407 F.3d 332, 339 (5th Cir. 2005) ("It is well settled in this Circuit that the scope of appellate review on a summary judgment order is limited to matters presented to the district court.").

[3] While Louisiana's Civil Code does not identify causes of action for conversion, this remedy has been inferred from code articles. Dual Drilling Co. v. Mills Equip. Invs., Inc., 721 So.2d 853, 856 (La. 1998).

Code. art. 3492; Johnson v. Concordia Bank & Trust Co., 671 So.2d 1093, 1098 (La. Ct. App. 1996). Prescription begins to run from the date injury or damage is sustained. La. Civ. Code art. 3492. Plaintiff bears the burden of showing that prescription has not run when the face of the petition shows that the action is time-barred. Wimberley v. Gatch, 635 So.2d 206, 211 (La. 1994).

## IV. DISCUSSION

### I. Nature of the Cause of Action

To determine whether a cause of action is tort or contract, Louisiana courts look to the nature of the underlying duty. Terrebonne, 310 F.3d at 886. Louisiana courts have consistently held that:

> The classical distinction between "damages ex contractu" and "damages ex delicto" is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons. Even when tortfeasor and victim are bound by a contract, courts usually apply the delictual prescription to actions that are really grounded in tort.

Trinity, 756 So.2d at 638. Even when a contract exists, unless a specific contract provision is breached, Louisiana treats the action as tort. Id. Under Louisiana law, conversion is committed when any of the following occurs:

> 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel.

Dual Drilling Co. v. Mills Equip. Inv., Inc., 721 So.2d 853, 857 (La. 1998). Under Louisiana law, unjust enrichment has five elements:

> (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the

enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and finally (5) the action will only be allowed when there is no other remedy at law, i.e., the action is subsidiary or corrective in nature.

Minyard v. Curtis Prods., Inc., 205 So.2d 422, 432 (La. 1968); Safeco, 490 So.2d at 569.

The district court was correct in finding that Richard's statutory cause of action is not analogous to a contractual claim since there was no contract between the parties or specific contractual duties breached. But, the court erred in concluded that Richard's action is most analogous to a conversion action which sounds in tort. While Richard's action is somewhat analogous to one for conversion, because Wal-Mart breached the general duty to refrain from procuring life insurance policies when it lacks an insurable interest, Richard's suit is more analogous to an action for unjust enrichment.[4] Wal-Mart was enriched by the COLI policies since the central purpose of the life insurance policies was to provide Wal-Mart with proceeds on the death of an employee. If Wal-Mart is found to have violated Louisiana's insurable interest statute, it is because it took possession of benefits properly belonging to the Richard estate. Thus, the impoverishment element is also met. The impoverishment is statutorily created. The Louisiana insurable interest statute creates a cause

---

[4] The Fifth Circuit has already determined the proper definition of a similar suit. In a case arising under Texas law, whose insurable interest statute is similar to Louisiana's provisions, the court concluded that "the contracts between Wal-Mart and its insurer are only tangentially related to the particular substantive issue before the court, and there is no dispute over the contracting parties' obligations." Mayo v. Hartford Life Ins. Co., 354 F.3d 400, 404. (5th Cir. 2004). The court went on to state that the estate's claim was properly one for either unjust enrichment or conversion. Id. at 410.

6

action to recover benefits received in violation of the statute. LA. REV. STAT. § 22:613(B).  Richard also meets the causal element requiring a connection between Wal-Mart's enrichment and the estate's impoverishment because it was Wal-Mart's actions, in contravention of Louisiana law, which gave rise to the statutorily recognized impoverishment.  With respect to the "justification" or "cause" element, Wal-Mart has provided no defense for its COLI policies or ancillary reasons to deny relief.  Because there was no specific contractual obligation between the parties and the cause of action does not fit the definition of a delict, Richard does not have another remedy at law.

Furthermore, Louisiana law favors redressability.  The Louisiana Supreme Court has long held that "prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted."  Lima v. Schmidt, 595 So.2d 624, 629 (La. 1992). Therefore, state precedent militates against finding that a cause of action is time-barred when a more appropriate cause exists that also preserves the suit.

## II.  Applicable Prescription

To maintain her suit as timely, Richard must have commenced this action within ten years of events giving rise to the claim against Wal-Mart.  See LA. CIV. CODE art. 3499; Safeco, 490 So.2d at 570. Wal-Mart received the insurance benefits due to the Bruney estate on November 27, 1998.  Richard filed suit on August 24, 2006—well within the ten year prescription period.  The suit is therefore timely.  We express no opinion on the ultimate merits of Richard's statutory cause of action.

Having found that Richard's suit under the Louisiana insurable interest statute is most analogous to one for unjust enrichment, the balance of the

7

parties' arguments that would either toll the prescription period or limit its application require no further discussion.

## V. CONCLUSION

The judgment of the district court is REVERSED and the case is REMANDED to the district court for further proceedings.

JENNIFER W. ELROD, Circuit Judge, concurring in the judgment:

We must decide which of two Louisiana prescriptive provisions applies to an insurable interest action under Louisiana Revised Statutes Section 22:613(b). Louisiana Civil Code article 3499 provides that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." It is undisputed that this period applies unless a stricter one does. The only provision alleged to do so is Civil Code article 3492. It provides that: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." At the parties' urging, the court has decided which article to apply by analogizing the insurable interest action to other actions for which the appropriate prescriptive period is undisputed. This tracks the approach we took to similar issues, under Texas law, in Mayo v. Hartford Life Insurance Co., 354 F.3d 400 (5th Cir. 2004). I agree with the court's disposition of this case, but I write separately because I believe Louisiana law calls for a mode of analysis different from the reasoning by analogy that was appropriate in Mayo.

A federal court applying Louisiana law must focus its analysis on Louisiana legislation. Our task in a diversity action is to apply the affected state's law, including law "declared by its Legislature in a statute or by its highest court in a decision." Erie R.R. Co. v. Tomkins, 304 U.S. 64, 78 (1938). Where such a source does not directly decide the question, we decide it as we predict the highest court of the affected state would. See First Nat'l Bank of Durant v. Trans Terra Corp. Int'l, 142 F.3d 802, 806 (5th Cir. 1998). Erie analysis under Louisiana law has "special dimensions because of [the] unique Civilian tradition," such that "the Erie obligation is to the Code" and caselaw constitutes "secondary information." See generally Songbyrd, Inc. v. Bearsville

9

Records, Inc., 104 F.3d 773, 776-77 (5th Cir. 1997). The Louisiana Supreme Court looks first to codified law, and guards Louisiana jurisprudence against unnecessary common-law encroachment. See, e.g., Dual Drilling Co. v. Mills Equip. Invs., Inc., 721 So. 2d 853, 856 (La. 1998). Likewise, where the Louisiana Civil Code provides the means to dispose of a question, a federal diversity court must at least begin the analysis there, rather than analogizing to similar issues in Louisiana or other jurisdictions' case law.

In my opinion, it is not appropriate to determine the applicable prescriptive period in this case by analogy. Instead, Louisiana law requires us to directly inquire whether the stricter of the two prescriptive provisions applies. Civil Code article 3457 provides that "[t]here is no prescription other than that established by legislation." For this reason, "[p]rescriptive periods may not be extended by analogy." Caldwell Parish Police Jury v. Town of Columbia, 930 So. 2d 65, 69, rev'd on other grounds on reh'g, 930 So. 2d 74 (La. App. 2d Cir. 2006). Likewise, a long line of Louisiana cases holds it is "well settled that prescription is stricti juris and the statutes on the subject cannot be extended from one action to another, nor to analogous cases beyond the strict letter of the law." Duer & Taylor v. Blanchard, Walker, O'Quinn & Roberts, 354 So. 2d 192, 194 (La. 1978); see also Bunge Corp. v. GATX Corp., 557 So. 2d 1376, 1380 (La. 1990); Acad. Park Improvement Ass'n v. New Orleans, 469 So. 2d 2 (La. App. 4th Cir. 1985), writ denied, 475 So. 2d 361 (La. 1985)). But see Dean v. Hercules, Inc., 328 So. 2d 69, 72 (La. 1976) (looking "to the closest analogous situation provided for in the Code," to determine a prescriptive period, though ultimately determining that the disputed action was not merely "associated with" a similar action, but "constitute[d] fault within the meaning of" the relevant code section.)

"[L]imitative statutes cannot be extended by analogy" because it would violate the constitutional principle of open courts. Acad. Park, 469 So. 2d at 4. The party raising an exception of prescription—Wal-Mart in this case—has "the burden of proving that the claim has prescribed." Dominion Exploration & Prod., Inc. v. Waters, 972 So. 2d 350, 357 (La. App. 4th Cir. 2007). Prescriptive statutes are strictly construed against prescription. Lima v. Schmidt, 595 So. 2d 624, 629 (La. 1992). Thus, in order for article 3492 to apply, Wal-Mart bears the burden to demonstrate that article 3492 governs the insurable interest action.

Wal-Mart fails to meet that burden. By its text, article 3492 applies only to "[d]elictual actions," entailing "injury or damage" to the defendant. See also Saul Litvinoff, Obligations § 5.2, in 6 Louisiana Civil Law Treatise (2d. ed. 1999) ("[D]elictual fault [is] generally understood as a neglect of the duty to abstain from causing damage to another"). The insurable interest action does not remedy damage to the defendant, who is left no worse off financially than if the disputed policy never existed. Wal-Mart paid the premiums on the policy it took out, and did not prevent Bruney (or Richard) from taking out a separate, personal policy. Assuming liability under the statute, Wal-Mart would turn over the policy proceeds not because Wal-Mart caused harm or injury in that amount, but simply because Wal-Mart obtained the money in a manner that the Louisiana statute does not permit. Cf. Tillman ex rel. Estate of Tillman v. Camelot Music, Inc., 408 F.3d 1300, 1309 (10th Cir. 2005) (applying similar reasoning under Oklahoma law). Because the insurable interest action is thus not "delictual" for purposes of article 3492, the one year prescriptive period does not apply.

Accordingly, I respectfully concur in the judgment.