# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2011

No. 10-60792

Lyle W. Cayce
Clerk

DOROTHY L. ALEXANDER,

Plaintiff - Appellant,

v.

THE BROOKHAVEN SCHOOL DISTRICT; LEA BARRETT, Superintendent,

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07–CV–640

Before KING, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dr. Dorothy Alexander worked as an assistant superintendent in the Brookhaven, Mississippi school district. When the school district did not renew her yearly employment contract, she filed suit against it and the superintendent for racial discrimination and retaliation, First Amendment retaliation, and unequal pay. The district court dismissed some claims, granted qualified immunity to the superintendent on another, and ultimately awarded summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60792

judgment to the school district on the remainder. Alexander appeals and we AFFIRM.

## FACTS AND PROCEEDINGS

Dr. Dorothy Alexander, a black woman, was employed by the Brookhaven School District (District) as an assistant superintendent from 1987 to 2005. Like other District administrators, Alexander worked pursuant to a series of one-year employment contracts. In 2005, she was notified by a letter from the District Superintendent, Lea Barrett, that the District would not renew her contract for the following year. The letter provided four reasons for the decision: (1) Alexander's failure to properly investigate and report a student's allegations, made in 2001, of sexually-inappropriate conduct by a teacher, subjecting the District to potential liability; (2) Alexander's unauthorized calls to the parents of a student who brought similar allegations in 2002, during which she revealed statements made during the District's investigation of those allegations and commented on the conduct of the District's investigation; (3) Alexander's offer to alter or destroy a memo that she developed as part of that investigation while a lawsuit against the District regarding the 2002 allegations was pending; and (4) Alexander's disrespectful written correspondence to Barrett during Barrett's investigation into Alexander's destruction of student records. According to the letter, these incidents caused Barrett to lose confidence in Alexander's ability to handle her duties in a responsible manner.

The nonrenewal letter also informed Alexander that she was entitled to a hearing regarding the nonrenewal before the District's Board of Trustees[1] or

---

[1] The Board of Trustees, commonly referred to as the "school board," is the District's governing body.

No. 10-60792

before a hearing officer employed by the Board of Trustees.  If she chose to pursue a hearing, the letter stated, she was entitled to present information relevant to the District's proffered reasons for nonrenewal and any reasons she alleged were the actual basis of her nonrenewal.  The letter specifically advised Alexander that if she requested a hearing, she would be required, five days before the scheduled hearing, to provide a response to the District's reasons for nonrenewal, a list of witnesses, and a copy of any documentary evidence that she intended to present at the hearing.  It also stated: "If you do not request a hearing, nonrenewal will be final."  These requirements are also set forth in the state code, MISS. CODE ANN. § 37-9-101 *et seq*.

Alexander submitted a timely written request for a hearing and for the District's specific reasons for nonrenewal.  The hearing was scheduled and then rescheduled to accommodate Alexander.  The District timely provided its specific reasons for nonrenewal, a summary of the factual basis underlying those reasons, a list of witnesses, and a list of documents in support.  Alexander did not present any of the documents required of her by the five-day deadline or at any time thereafter.  Neither Alexander nor her attorney appeared at the hearing.  After noting that "no exceptions or excuses [were] provided, and the employee or attorney [were] not present," the hearing officer declared the nonrenewal "recommendation [to] be final."  The hearing officer found it "clear that the employee's failure to provide the information that's required within the five days does make the non-renewal recommendation final."  Alexander later requested that the Board of Trustees place the District's decision not to renew her contract on its agenda.  The Board refused her request based on her failure to comply with the prescribed hearing procedures.

3

No. 10-60792

Alexander subsequently filed suit against the District and Barrett, alleging claims of racial discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, First Amendment retaliation under 42 U.S.C. § 1983, and unequal pay under the Equal Pay Act, 29 U.S.C. § 206(d). Alexander's complaint did not clearly state which claims she brought against each defendant. The District and Barrett separately moved to dismiss all four claims. In her opposition to these motions, Alexander stipulated that she did not sue Barrett under Title VII and asserted that she had successfully stated three causes of action against the District and one—for First Amendment retaliation—against Barrett. The district court granted Barrett's motion to dismiss in full and the District's motion to dismiss in part. It later granted summary judgment to the District on the remaining claims against it. Alexander appeals each of these decisions.

## STANDARD OF REVIEW

We review both a district court's dismissal under Rule 12(b)(6) and its grant of summary judgment *de novo*. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010); *Offshore Drilling Co. v. Gulf Copper & Mfg. Corp.*, 604 F.3d 221, 225 (5th Cir. 2010) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

No. 10-60792

## DISCUSSION

### A.    First Amendment Claims

The district court dismissed Alexander's First Amendment retaliation claims to the extent that they were based on Alexander's report of the 2002 allegations.  It granted qualified immunity to Barrett and summary judgment to the District to the extent that these claims were based on Alexander's status as a witness in the students' civil suit against the District.

1.    *Retaliation Based on Alexander's Status as a Witness*

Alexander based a First Amendment retaliation claim on her "status as a witness" in the civil case against the District, which she submits is "protected conduct" under the First Amendment.[2]  We turn first to Alexander's claim against Barrett, which the district court dismissed on qualified immunity grounds.  We then turn to Alexander's claim against the District, which failed at the summary judgment stage because Alexander did not establish a basis for municipal liability.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. Al-Kidd*, No. 10-98, slip op. at 3, 563 U.S. __ (May 31, 2011) (quoting *Harlow v. Fitzgerald*, 457 U. S. 800, 818 (1982)).  A court may address either prong of this analysis first.  *Id.* (citing

---

[2] Alexander did not allege in her complaint or argue before the district court that her claim was based on her deposition or trial testimony.  To whatever extent that she may raise this argument for the first time on appeal, it is waived. *Celanese Corp. v. Martin K. Eby Const. Co.*, 620 F.3d 529, 531 (5th Cir. 2010) ("The general rule of this court is that arguments not raised before the district court are waived and will not be considered on appeal."); *Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 344 n.2 (5th Cir. 2009) (same).

5

No. 10-60792

*Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).  "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."  *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam).

To satisfy her burden, Alexander directed the district court to two Mississippi statutes and one Mississippi case.  She submitted that "given these statutory and common law protections, . . . Barrett had no good-faith reason for failing to recognize that Dr. Alexander's . . . status as a witness [was] protected conduct and could not be used as a basis for termination."  The law cited does not discuss an employee's status as a witness in a civil case, refer to protected speech, or relate in any way to the First Amendment.  *See* MISS. CODE ANN. §§ 43-21-353(1), 97-5-24; *see also McArn v. Allied Bruce-Terminix Co.*, 626 So.2d 603, 607 (Miss. 1993).  To overcome Barrett's claim of qualified immunity, Alexander must point to allegations and relevant law showing a plausible claim that Barrett retaliated against her because of her status as a witness in the District's civil case and that this violated the First Amendment in a way that was clearly established at the time.  Alexander failed to meet her burden and the district court correctly granted Barrett's request for qualified immunity.

With respect to her identical claim against the District, a municipality or local government can be liable under § 1983 only if "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation."  *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).  Such a body is "responsible only for [its] own illegal acts" and is "not vicariously liable under § 1983 for [its] employees' actions."  *Id.*  Plaintiffs who seek to impose liability under § 1983 therefore must prove that an "action pursuant to official

6

municipal policy" caused their injury. *Id.* Only an employee with *"final* policymaking authority in that area"* can create official municipal policy. *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) (quotation and citation omitted). Whether a decisionmaker exercised official policymaking authority is a question of state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

It is among the "powers, authority and duties" of "[t]he school boards of all school districts" in Mississippi "[t]o select all school district personnel in the manner provided by law." MISS. CODE ANN. § 37-7-301(p). A superintendent only has authority to "recommend to the school board" assistant superintendents who must then be "elected and approved for employment by the school board." *Id.* at §§ 37-9-15, 37-9-23. The code also sets forth a detailed process for the Board to review the superintendent's recommendations. *Id.* at § 37-9-101 *et seq*. Alexander cannot show any action pursuant to official policy because Barrett did not have final authority over the nonrenewal of Alexander's contract.

Alexander also argues that the review procedures available to her were not effective because the hearing officer did not conduct a full review of Barrett's recommendation and instead relied on Alexander's failure to participate in the process. Alexander does not contest that the hearing officer followed the procedures set forth in the relevant statutes and the nonrenewal letter. She submits no explanation for her failure to follow these procedures, no reasons why the basic obligations imposed on her were improper, and no argument that review would not have been meaningful if she or her attorney had, at a minimum, attended the hearing that was rescheduled specifically to accommodate her appearance. Because she has no evidence that the review

No. 10-60792

procedures were not meaningful, her argument has no merit. *See Brown*, 337 F.3d at 542. Summary judgment for the District was proper.

2.      *Retaliation Based on Alexander's Sexual Harassment Report*

The Supreme Court has clearly held that, when a public employee speaks pursuant to her official duties, that speech is not protected by the First Amendment. *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). Alexander's complaint alleged that her report and investigation of the 2002 sexual harassment allegations were undertaken "pursuant to her official duties." Her First Amendment retaliation claim based on this report therefore fails because the speech on which it is based is not protected by the First Amendment. *See id*. The district court properly dismissed this claim.

### B.    Title VII Claims

The district court granted summary judgment to the District on Alexander's claims of race discrimination and retaliation under 42 U.S.C. § 2000e.[3] To survive summary judgment on the discrimination claim, Alexander must have submitted sufficient direct or indirect evidence of discrimination. Alexander's arguments that she presented sufficient direct evidence of discrimination are waived because she failed to present them to the district court.[4] *Celanese Corp. v. Martin K. Eby Const. Co., Inc.*, 620 F.3d 529, 531 (5th

---

[3] Alexander's opening brief refers in passing to "claims of . . . gender discrimination." She raised no such claim in her First Amended Complaint and the district court did not address one for that reason. We do the same.

[4] Alexander's opposition to summary judgment argued: "[W]here, as here, the claim is based on circumstantial evidence, the demonstration that the employer's proffered reasons are pretextual permits the jury to find discriminatory intent." She submitted an identical statement in her opening brief to this court. In her reply to this court, she suddenly asserted: "[T]o say that Dr. Alexander does not have direct evidence that retaliation was causally connected to the decision to non-renew is flat-out wrong and, therefore, there is no need to use

No. 10-60792

Cir. 2010) ("The general rule of this court is that arguments not raised before the district court are waived and will not be considered on appeal."); *Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 344 n.2 (5th Cir. 2009) (same). Alexander's arguments that she presented sufficient indirect evidence of discrimination are preserved but, as explained below, meritless.

To establish a prima facie case of racial discrimination using indirect evidence, Alexander must demonstrate that she was: (1) a member of a protected class; (2) qualified for the position at issue; (3) the subject of an adverse employment action; and (4) treated less favorably because she belonged to a protected class than similarly-situated employees who were not members of the protected class, under nearly identical circumstances.[5] *Lee v. Kan. City S. Ry.*, 574 F.3d 253, 259 (5th Cir. 2009). The parties agree that Alexander established the first three elements of her prima facie case but dispute whether she established the fourth by identifying a similarly-situated comparator who was treated less favorably under nearly identical circumstances.

Alexander's entire argument that she has met this requirement is that "it can hardly be denied that Dr. Alexander's lengthy discussion of white employees who were not terminated for far worse actions . . . constitute [sic] valid comparisons for Title VII purposes.   R. 294–96 [transcript of Alexander's deposition]." She submits no legal standard, no facts (other than referring the court to her deposition), and no analysis of this element. She has waived this issue. *See, e.g.*, FED. R. APP. P. 28(a)(9)(A) (requiring appellant's brief to include

_____

the *McDonnell Douglas* analysis."

[5] Alexander also could have shown that the District replaced her with someone outside her protected class. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

No. 10-60792

appellant's contentions and the reasons for them); *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) ("Failure adequately to brief an issue on appeal constitutes waiver of that argument."). Further, even if this court were to consider the merits of this issue, it would conclude that she presented no valid comparator. The district court undertook a fulsome analysis of each of the five white District employees to whom Alexander made passing reference during her deposition. Alexander alleges no error with its analysis. For the reasons stated by that court, none of the persons mentioned by Alexander could even arguably constitute a legally-sufficient comparator.

Alexander also raised a claim of "retaliation for protesting race discrimination" based on her opposition to the District's allegedly racially-disparate compensation and treatment of employees. The legal standard applicable to a Title VII retaliation claim is distinct from that applicable to a Title VII discrimination claim. *See, e.g., Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009). Alexander submitted no factual or legal argument to the district court or this court noting this standard or explaining how she has satisfied it. She has therefore waived this claim. *Procter & Gamble*, 376 F.3d at 499 n.1.

### C.   Equal Pay Act Claims

The district court dismissed Alexander's Equal Pay Act claim because she failed to sufficiently defend it in her opposition to the motions to dismiss. Even if she had not waived it below, she has waived it here by submitting only two sentences of conclusory argument to support it. *See id.*

### CONCLUSION

For these reasons, we AFFIRM the rulings of the district court.