700 So.2d 921 (1997)
K & M ENTERPRISES OF SLAUGHTER, INC.
v.
RICHLAND EQUIPMENT CO., INC.
No. 96 CA 2292.
Court of Appeal of Louisiana, First Circuit.
September 19, 1997.
*922 Ronnie J. Berthelot, Baton Rouge, for Plaintiff/Appellant K & M Enterprises of Slaughter, Inc.
David M. Lefeve, G. Allen Walsh, Baton Rouge, for Defendant/Appellee Richland Equipment Co., Inc.
Before CARTER, WHIPPLE and FOGG, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment granting a peremptory exception pleading the objection of prescription and dismissing with prejudice a suit for damages based on an alleged failure to properly repair a tractor.

BACKGROUND
Plaintiff, K & M Enterprises of Slaughter, Inc. ("K & M"), owned a John Deere 4630 tractor which it used in farming operations. When K & M began experiencing problems with the tractor, its president, Mike Naquin ("Naquin"), contacted defendant, Richland Equipment Co., Inc. ("Richland"), a Mississippi corporation, to repair it. On March 16, 1992, a representative of Richland came to Louisiana to inspect the tractor and then took it to Richland's place of business in Mississippi to make the repairs. When the tractor still did not work properly, K & M called Richland a second time to repair the tractor. This second repair effort by Richland took place on March 23, 1992. When K & M continued to experience problems with the tractor, it again contacted Richland to repair the tractor. Richland's third and final repair attempt took place on June 12, 1992. K & M paid a total of $4,689.06 for Richland's repair efforts. It is not disputed by K & M that even after the third repair attempt by Richland, the tractor was not working properly. However, Richland refused to make additional repair attempts on the tractor.
Subsequently, on August 31, 1994, K & M brought the tractor to Moreauville Tractor and Implement Co., Inc. ("Moreauville") for repair of the problems K & M was experiencing with the tractor. Moreauville was also unable to fix the tractor, but K & M paid the alleged $3,155.52 cost of the repair attempt. Miller-Penniman ("Miller") became the next entity to attempt to repair the tractor. On April 28, 1995, Miller successfully repaired the tractor. The areas of the tractor repaired by Miller were similar to the areas of the tractor that Richland had attempted to repair. K & M paid Miller $7,061.22 for its repair work.

FACTS AND PROCEDURAL HISTORY
On February 6, 1996, K & M filed a petition against Richland seeking $14,905.81 for Richland's failure to properly repair the tractor. This amount represented the cost of the repairs paid by K & M to Richland, Moreauville and Miller. In the petition, K & M alleged that the work performed by Miller and Moreauville would not have been necessary had Richland properly repaired the tractor in the first instance. Additionally, K & M alleged that Miller determined that Richland's work was improperly done and caused more damage to the tractor. K & M further alleged that it was not until Miller repaired the tractor that K & M learned that Richland had performed improper repair work which caused damage to K & M's tractor. In its prayer for relief, K & M sought reimbursement of the total sum paid to Richland for repairs to the tractor, as well as damages in the amount of the cost of repairs paid by K & M to Moreauville and Miller.
Richland responded by filing a peremptory exception pleading the objection of prescription. In its memorandum supporting the prescription exception, Richland argued that K & M's action was in tort; thus, the one year liberative prescriptive period of LSA-C.C. *923 art. 3492[1] applied to determine if the suit was timely filed. Richland contended that based on the allegations in the petition, the prescriptive period commenced on June 12, 1992, and K & M's cause of action prescribed in June 1993. Since K & M's petition was not filed until February 6, 1996, Richland argued that it was not timely.
K & M filed a response to Richland's peremptory exception pleading the objection of prescription, in which it asserted that K & M properly pleaded facts to establish a breach of contract to repair the tractor. In the alternative, K & M contended that the one year prescriptive period of LSA-C.C. art. 3492 had not run because K & M did not know, nor could it reasonably have known, of the cause of the problems with the tractor until Miller completed its repairs to the tractor in April 1995. Since the petition was filed within one year of the completion of Miller's repairs, K & M asserted that its suit was timely.
Richland filed a response brief to K & M's opposition to the prescription exception. In this response brief, Richland argued that the allegations of K & M's petition only asserted a cause of action in tort, not in contract. As to K & M's alternative argument regarding the commencement of the one year prescriptive period, Richland contended that prescription began to run at the latest, on August 31, 1994, the date on which K & M brought the tractor to Moreauville for repairs.
A hearing was held on the peremptory exception pleading the objection of prescription on June 24, 1996. At the hearing, the court allowed Naquin to testify as to facts that pertained to when prescription commenced and whether it had been interrupted or suspended. However, Naquin was not allowed to testify as to facts that were pertinent to a determination of whether the cause of action was in tort or in contract. Subject to these limitations, Naquin testified that Richland had made three separate attempts to repair the tractor, the last of which was in June 1992. During the two years after Richland's final repair attempt, K & M continually had problems with the tractor and requested that Richland make additional repairs. However, Richland refused and ultimately told Naquin to stay away from its place of business. This refusal prompted K & M to let Moreauville try to repair the tractor in August 1994.
Thomas Denton ("Denton"), Miller's assistant shop foreman and the person who repaired the tractor, also testified at the hearing. According to Denton, the problem he discovered with the tractor was not something about which a person with Naquin's knowledge should have known.
At the conclusion of the hearing, the trial court granted the peremptory exception pleading the objection of prescription. The trial court determined that the petition did not contain any allegations of a breach of contract and that the cause of action set forth in the petition was one in tort. Accordingly, it applied the one year liberative prescriptive period of LSA-C.C. art. 3492. It further found that based on the petition and the testimony elicited at the hearing, K & M knew there was a problem with the tractor after Richland's final repair effort in June 1992, yet failed to take any action on the problem until April 28, 1995. Consequently, the cause of action asserted in the petition had prescribed by the time the petition was filed.
A judgment granting the peremptory exception pleading the objection of prescription and dismissing K & M's claims against Richland with prejudice was signed on June 26, 1996. K & M appeals from the judgment raising the following assignments of error:
1. The trial court erred in failing to find that the petition stated a cause of action in contract.
2. In the alternative, if the petition stated some facts that could be considered a tort, the petition also stated facts that established the formation of a contract between the parties and thus, the trial court erred in not recognizing the Louisiana *924 jurisprudence which would have applied a ten year prescriptive period.
3. In the further alternative, the trial court erred by not following the doctrine of contra non valentem. Therefore, the trial court erred in finding that more than one year had elapsed from the time plaintiff knew or should have known of the defendant's faulty repair work in light of the testimony at the hearing establishing that plaintiff did not have sufficient information to commence the running of prescription earlier and that the petition had been filed within one year of the discovery of the defendant's acts and/or failure to act.

CLASSIFICATION OF K & M'S CAUSE OF ACTION
K & M contends that the factual allegations in its petition show that Richland breached its contractual obligations to properly repair the tractor. Richland argues that K & M's claim was for improper repair of the tractor which gives rise to an action in tort under LSA-C.C. art. 2316.[2]
An action in tort is governed by the prescriptive period of one year, while an action on a contract is governed by the ten year prescriptive period for personal actions. Roger v. Dufrene, 613 So.2d 947, 948 (La. 1993). The proper prescriptive period to be applied in any action depends upon the nature of the cause of action. It is the nature of the duty breached that should determine whether the action is in tort or in contract. Roger v. Dufrene, 613 So.2d at 948.
In its petition, K & M alleges that Richland failed to properly repair the tractor. We find that this states a cause of action for breach of a repairman's general duty to perform repair work in a non-negligent, prudent and skillful manner. See LSA-C.C. art. 2316. Liability for breach of this duty arises ex delicto. Richard v. Tri-J Industrial Construction, Inc., 478 So.2d 215, 217 (La.App. 3rd Cir.1985). Accordingly, the trial court did not err in finding that K & M's cause of action was in tort and not in contract. The one year liberative prescriptive period set forth in LSA-C.C. art. 3492 governs K & M's action. Consequently, K & M's first and second assignments of error are without merit.

CONTRA NON VALENTEM
K & M contends that pursuant to the doctrine of contra non valentem, the prescriptive period did not commence until April 28, 1995, when Miller determined that the cause of the tractor problems was the improper repair work by Richland. Prior to this time, K & M contends that its cause of action against Richland was not known or reasonably knowable by K & M.
Liberative prescription runs against all persons unless an exception is established by law. LSA-C.C. art. 3467; Harrison v. Gore, 27,254, p. 5 (La.App. 2nd Cir. 8/23/95), 660 So.2d 563, 567, writ denied, 95-2347 (La.12/8/95), 664 So.2d 426. The one year liberative prescriptive period for a delictual action begins to run from the date the injury or damage is sustained. LSA-C.C. art. 3492; Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 354 (La.1992); Jason v. Brown, 92-1301, pp. 3-4 (La.App. 1st Cir. 5/20/94), 637 So.2d 749, 751, writ denied, 94-1673 (La.10/7/94), 644 So.2d 638.
Contra non valentem is a shortened form of the phrase "contra non valentem agere nulla currit praesriptio," meaning prescription does not run against a party unable to act. Adams v. First National Bank of Commerce, 93-2346, 94-0486, p. 6 (La.App. 4th Cir. 9/29/94), 644 So.2d 219, 224, writ denied, 94-3053 (La.2/3/95), 649 So.2d 411. The doctrine recognizes four situations where prescription will not commence, only one of which is potentially applicable to the present case  where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Caro v. Bradford White Corp., 96-120, p. 5 (La.App. 5th Cir. 7/30/96), 678 So.2d 615, 617. However, the doctrine is of no avail to a plaintiff whose delay in filing suit results from his own willfulness or neglect. Moreover, the plaintiff bears the burden of establishing facts to *925 support a contra non valentem plea. Adams v. First National Bank of Commerce, 644 So.2d at 224.
In oral reasons for judgment, the trial court stated in pertinent part as follows:
Mr. Naquin has testified that ... after the June 12, 1992, [sic] contact with K & M, the tractor was taken to Moreauville on August 31, 1994, about 26 months after Richland's attempt to repair it. You must remember that K & M did not purchase this equipment from Richland; that it was not operating properly and that is the reason Richland got involved; and after Richland apparently ... wasn't able to fix it in June of [19]92, it was taken to Moreauville on August 31, 1994.
* * * * * *
Mr. Naquin has known prior to the initial contact with Richard [sic] in March of [19]92 that something was wrong with the tractor; that after Richland worked on it there was still something wrong with the tractor; and that wrong, whatever it was, was not taken care of until after April 28, 1995. So, the court grants the peremptory exception of prescription.
It is apparent from these reasons that the trial court concluded that prescription in the present case commenced after Richland completed its work on the tractor in June 1992, because K & M, through Naquin, had knowledge at that time that the tractor was still not working properly.
We agree with the trial court that prescription commenced as early as June 1992. Moreover, we find that the latest point in time that prescription could have commenced was August 1994, when K & M brought the tractor to Moreauville for repairs. Even using August 1994, as the commencement date for the prescriptive period, the February 1996 suit was not timely.
We specifically reject K & M's argument that it did not have sufficient information to discover its cause of action against Richland until April 1995, when Miller examined and repaired the tractor. The record establishes conclusively that K & M had knowledge that the tractor was not working properly after Richland completed the June 1992 repairs. In K & M's petition, it alleges that "Naquin tried to use the tractor but it did not work properly" and that "[t]he tractor was constantly down and out of order." Furthermore, at the hearing, Naquin testified that during the two years between June 1992, and August 1994, K & M had problems with the tractor and "attempted ... to get [Richland] to come out and fix [the tractor]; [Richland] wouldn't come." Despite this knowledge, K & M waited two years before bringing it to Moreauville for repairs, and waited over three and a half years before filing suit against Richland.
While K & M may not have had actual knowledge that Richland's repair efforts caused further damage to the tractor before April 1995, it certainly had constructive knowledge of this fact. Constructive notice is found at the point at which a plaintiff has sufficient information to excite attention sufficient to prompt further inquiry, and includes knowledge or notice of everything to which that inquiry might lead. Adams v. First National Bank of Commerce, 644 So.2d at 223. Particularly, K & M knew the tractor was not working properly both before and after all of Richland's repair efforts. That K & M knew the repairs by Richland had not been effective is evidenced by its constant, unsuccessful attempts to get Richland to perform further repair work on the tractor. Had K & M brought the tractor to another repairer sooner, it would have also learned that Richland's repair attempts allegedly caused further damage to the tractor. Thus, we find that this information possessed by K & M reasonably should have excited attention sufficient to prompt further inquiry. Accordingly, K & M's failure to file suit against Richland within the one year prescriptive period resulted from its own negligence, and the exception of contra non valentem does not apply. Therefore, K & M's third assignment of error lacks merit.

CONCLUSION
For the reasons set forth in this opinion, the judgment of the trial court is affirmed. Costs of this appeal are assessed to K & M.
AFFIRMED.
NOTES
[1] Louisiana Civil Code article 3492 provides in pertinent part that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."
[2] Louisiana Civil Code article 2316 provides that "[e]very person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."