756 So.2d 637 (2000)
TRINITY UNIVERSAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
Jim HORTON, d/b/a Louisiana Offroad Supply, Defendant-Appellee.
No. 33,157-CA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2000.
Klotz & Simmons by F. John Reeks, Jr., Shreveport, Counsel for Appellant.
Cook, Yancey, King & Galloway by Scott L. Zimmer, Shreveport, Counsel for Appellee.
Before WILLIAMS, GASKINS and DREW, JJ.
DREW, J.
Trinity Universal Insurance Company appeals a judgment sustaining the exception of prescription and dismissing its petition. We affirm.

FACTS
In 1994, Jim Horton, d/b/a Louisiana Offroad Supply, installed a lift kit and brake line on a 1993 Ford truck owned by *638 Ronald Worley ("Worley"). The purpose of this modification was to raise the height of Worley's truck.
Trinity Universal Insurance Company ("Trinity") provided auto collision and liability insurance to Worley. On February 9, 1996, Worley's truck rear-ended a truck owned and driven by Randy Seegers ("Seegers"). Trinity paid Worley $1,884.60 for the amount of the damages to his truck minus a $500 deductible. Trinity paid Seegers $3,742.66 for damages to his vehicle and $1,050 for his personal injuries and medical expenses. Trinity asserts that is has become legally subrogated to the rights of Worley and Seegers against Horton to the extent of these payments.
Trinity filed suit against Horton on July 10, 1997 seeking to recover the $6,782.26 it had paid to Worley and Seegers. We note that the petition prays for judgment in favor of Worley for $500, the amount of his deductible. However, the caption of the petition lists only Trinity as a plaintiff. Moreover, Trinity's counsel has signed the petition as the attorney for Trinity only. In any event, Trinity alleged that the accident was caused when Worley's brakes failed due to a ruptured brake line near the right front tire. Trinity further alleged that Horton installed the lift kit in such a manner that the brake to the front right wheel rubbed against the inside of that wheel, causing the brake line to rupture.
Horton responded by filing the peremptory exception of prescription. Following a hearing on the exception, the trial court granted the exception, finding that the cause of action is sounded in tort and had therefore prescribed.

DISCUSSION
The sole issue before this court is to determine, for purposes of prescription, whether Trinity's petition is an action in tort or in contract. Delictual actions are subject to a liberative prescription of one year. La. C.C. art. 3492. An action on a contract is governed by the prescriptive period of 10 years for personal actions. La. C.C. art. 3499; Roger v. Dufrene, 613 So.2d 947 (La.1993). Trinity's petition was filed more than one year after the automobile accident.
Trinity's argument on appeal is essentially that Horton breached his contract with Worley by failing to properly install the brake line, making Horton liable for damages resulting from the collision.
The correct prescriptive period to be applied in any action depends upon the nature of the action; it is the nature of the duty breached that should determine whether an action is in tort or in contract. Roger v. Dufrene, supra. Regarding the distinction between actions in tort and in contract, this court has stated:
The classical distinction between "damages ex contractu" and "damages ex delicto" is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons. Even when tortfeasor and victim are bound by a contract, courts usually apply the delictual prescription to actions that are really grounded in tort. [Citation omitted.]

Harrison v. Gore, 27,254 (La. App.2d Cir.8/23/95), 660 So.2d 563, writ denied, 95-2347 (La.12/8/95), 664 So.2d 426.
Even though a contract existed between Worley and Horton regarding the installation of the brake line, it is not alleged that any specific contract provision [duty] was breached by Horton. Instead, Horton allegedly breached a repairman's general duty to perform repair work in a non-negligent, prudent and skillful manner; liability for a breach thereof arises ex delicto. See K & M Enterprises of Slaughter, Inc. v. Richland Equipment Co., 96-2292 (La.App. 1st Cir.9/19/97), 700 So.2d 921.
While Worley contracted with Horton to install the lift kit and brake line, Trinity's cause of action alleging negligent installation *639 does not arise from the breach of a contractual obligation. We cite with approval a scholarly discussion of professional malpractice and contractual relationships:
The law has adopted a tort model to govern malpractice cases even though there is a one-to-one, face-to-face contractual relationship between the parties. Thus, tort damages are recoverable, disclaimers of liability generally are unenforceable, and tort prescriptive periods control malpractice cases. The contract, though, still is relevant because it gives rise to the relationship on which a tort duty is imposed. But society through tort law, and not the parties through their contract, sets the standard of care, the level of recoverable damages, and more.
Thomas C. Galligan, Jr., Contortions Along The Boundary Between Contracts And Torts, 69 Tul. L.Rev. 457, 477 (1994).
In support of its position, Trinity relies on Federal Ins. Co. v. Insurance Co. of North America, 262 La. 509, 263 So.2d 871 (1972), where the court stated:
It has been recognized by this Court on numerous occasions that when a party has been damaged by the conduct of another arising out of a contractual relationship, the former may have two remedies, a suit in contract, or an action in tort, and that he may elect to recover his damages in either of the two actions. In such cases, the prescription applicable is determined by the character which plaintiff gives his pleadings and the form of his action.
Trinity's reliance is misplaced. Federal involved the lease of computer equipment. Federal, subrogee of the lessor, sued for damages to the equipment caused by the lessee. The court determined that Federal's suit sounded in contract. However, we note that the lease contained a specific provision that the lessor would provide repair services and replacement parts at no cost unless caused by the lessee's neglect or misuse of the equipment. Federal was simply enforcing its rights under this particular provision of the lease.
Trinity also cites Aetna Cas. and Sur. Co. v. Smith, 552 So.2d 708 (La.App. 3rd Cir.1989), which followed the rationale used in Federal, supra. Aetna sued Smith, an apartment lessee, alleging that her negligence caused her apartment to be destroyed by fire. The court concluded that the suit was an action in contract because the issue was whether Smith breached a lease provision requiring her to exercise due care in not damaging the leased premises. We note that as in Federal, supra, this case also involved the breach of a specific contract provision.

CONCLUSION
We agree with the trial court that Trinity's action is sounded in tort and subject to a prescriptive period of one year. Therefore, Trinity's suit against Horton has prescribed.

DECREE
At appellant's cost, the judgment is AFFIRMED.