13 So.3d 1232 (2009)
The KROGER COMPANY, Plaintiff-Appellant
v.
L.G. BARCUS & SONS, INC., et al., Defendant-Appellee.
No. 44,200-CA.
Court of Appeal of Louisiana, Second Circuit.
June 17, 2009.
Rehearing Denied August 13, 2009.
*1233 Brian D. Smith, Shreveport, for Appellant.
Dennis J. Phayer, Metairie, for Appellee, SCA Consulting Engineers, Inc.
Before BROWN, WILLIAMS and MOORE, JJ.
WILLIAMS, J.
The plaintiff, The Kroger Company ("Kroger"), appeals a judgment in favor of the defendant, SCA Consulting Engineers, Inc. ("SCA"). The district court found that plaintiff's claim against defendant arising from the attempted repair of the building was based in tort and had prescribed. For the following reasons, we affirm.

*1234 FACTS
This matter arises out of a lawsuit filed by Kroger against numerous defendants, seeking damages caused by settlement of the foundation and floor of the Kroger store located on Youree Drive in Shreveport, Louisiana. The defendants included L.G. Barcus & Sons, Inc. ("Barcus"), which drilled and poured the auger cast piles, Professional Services, Inc. ("PSI"), the project geotechnical engineer, Travelers Casualty and Surety Company and St. Paul Fire & Marine Insurance Company, the insurers of the bankrupt contractor, Whitaker Construction Company, and SCA.
In its original petition filed in October 2002, Kroger alleged that the store's foundation was designed and constructed in 1996 and 1997 and that the store opened for business in 1997. Kroger further alleged that SCA's foundation design and specifications were substandard and inadequate, resulting in the cast piles not being installed to the correct depth. This allegation is referred to as the "design phase" claim. The petition also asserted that after the initial settling of the store, Kroger requested that SCA make recommendations to remedy the settlement problem, but the attempts at remediation had not been successful.
More than three years later, in March 2006, Kroger filed an amended petition reiterating the design phase allegations of the original petition and asserting a "repair phase" claim against SCA and another defendant, Hayward Baker, Inc. Specifically, in paragraphs 25, 26 and 27 of the amended petition, Kroger alleged that following completion of the original construction, Kroger retained the services of SCA to remedy the settlement problem, but that the engineering services provided by SCA were "ineffective, performed negligently, and their implementation caused additional damages to the Kroger Store."
Subsequently, SCA filed a motion for summary judgment on the grounds that the plaintiff's claims had prescribed. The district court rendered judgment granting in part the motion for summary judgment, dismissing plaintiff's design phase claims against SCA as prescribed, but denying summary judgment as to plaintiff's repair phase claims. Kroger appealed the judgment, which was affirmed by this court in The Kroger Company v. L.G. Barcus & Sons, Inc., 43,804 (La.App. 2d Cir.1/14/09), 2 So.3d 1163, writ denied, 09-0382 (La.5/15/09), 8 So.3d 571.
In April 2008, while the appeal was pending, SCA filed an exception of prescription seeking dismissal of Kroger's repair phase claim. In response, Kroger asserted that its claim did not sound in tort, but in contract, and was thus subject to a ten-year prescriptive period. SCA argued that Kroger's claim was delictual and had prescribed, since the claim was not filed within the applicable one-year prescriptive period. After a hearing, the district court found that Kroger's claim was based on negligence and subject to the one-year prescriptive period. The court rendered judgment sustaining SCA's exception and dismissing Kroger's claims. Kroger appeals the judgment.

DISCUSSION
Kroger contends the district court erred in sustaining the exception of prescription. Kroger argues that the applicable prescriptive period is ten years because the dispute with SCA is based on the parties' contract.
Delictual actions are subject to a liberative prescription of one year, running from the day injury or damage is sustained. LSA-C.C. art. 3492. An action on a contract is governed by the prescriptive *1235 period of ten years for personal actions. LSA-C.C. art. 3499. The nature of the duty breached determines whether an action is in tort or contract. Roger v. Dufrene, 613 So.2d 947 (La.1993); Trinity Universal Insurance Co. v. Horton, 33,157 (La.App. 2d Cir.4/5/00), 756 So.2d 637. The distinction between damages ex contractu and damages ex delicto is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons. Even when a tortfeasor and victim are bound by a contract, courts usually apply the delictual prescription to actions that are actually grounded in tort. Trinity, supra; Harrison v. Gore, 27,254 (La. App. 2d Cir.8/23/95), 660 So.2d 563, writ denied, 95-2347 (La.12/8/95), 664 So.2d 426.
The mere fact that the circumstances arose in the context of a contractual relationship does not make the cause of action contractual. The courts are not bound to accept a plaintiff's characterization of the nature of his cause of action if unsupported by factual allegations. Thomas v. State Employees Group Benefits Program, 05-0392 (La.App. 1st Cir.3/24/06), 934 So.2d 753.
In this case, the alleged repair contract includes a writing drafted by SCA, dated October 10, 2001, stating in part: "SCOPE OF WORK: Field observation to observe possible foundation movements and negative drainage on an existing Kroger Food Store." Kroger also points to an outline prepared by SCA that proposed measures to strengthen the cast piles as forming part of the contract for services. We will assume the existence of a repair contract as alleged for the purpose of reviewing whether Kroger's claim has prescribed.
In its amended petition, Kroger does not allege that a specific contract provision was breached, but that SCA's services were ineffective and negligently performed. Thus, Kroger's petition states a cause of action for breach of a person's general duty to perform repair work in a non-negligent, prudent and skillful manner. See LSA-C.C. art. 2316. Liability for breach of this duty arises ex delicto. Trinity, supra; K & M Enterprises of Slaughter, Inc. v. Richland Equipment Company, Inc., 96-2292 (La.App. 1st Cir.9/19/97), 700 So.2d 921. Accordingly, the district court was correct in finding that Kroger's cause of action was in tort and subject to the one-year liberative prescriptive period of Article 3492.
As noted above, Article 3492 provides that prescription begins to run from the date injury or damage is sustained. Damage is considered to have been sustained when it has manifested itself with sufficient certainty to support the accrual of a cause of action. Cole v. Celotex Corp., 620 So.2d 1154 (La.1993); Alexander v. Fulco, 39,293 (La.App. 2d Cir.2/25/05), 895 So.2d 668. Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502; Alexander, supra.
The record demonstrates that when the original petition was filed on October 18, 2002, Kroger was aware that the services performed by SCA in 2001 and 2002 had not succeeded in resolving the settlement problem and Kroger sought to recover damages for the cost of those attempted repairs. Thus, Kroger's amended petition of March 30, 2006 was untimely, since it was filed more than three years after prescription began running in October 2002, when Kroger possessed knowledge of the damages caused *1236 by the allegedly negligent efforts of SCA. Consequently, Kroger's repair phase claim had prescribed and the district court did not err in sustaining SCA's exception of prescription. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the district court's judgment sustaining SCA's exception of prescription is affirmed. The costs of this appeal are assessed to the appellant, The Kroger Company.
AFFIRMED.
BROWN, Chief Judge, dissents with written reasons.
BROWN, Chief Judge, Dissenting.
All personal actions, including actions to enforce contractual obligations, are subject to a liberative prescription of ten years unless otherwise provided by legislation. La. C.C. art. 3499. La. R.S. 9:5607 now provides for a five-year liberative prescriptive/peremptive period in all actions, tort or contract, against, inter alia, professional engineers. This provision, however, was added by Acts 2003, No. 854, 51, and is therefore inapplicable to the instant case. Delictual actions are subject to a liberative prescription of one year, running from the day injury or damage is sustained. La. C.C. art. 3492. Proper characterization of the nature of Kroger's cause of action is crucial to determination of the issue before this court.
In re St. Louis Encephalitis Outbreak in Ouachita Parish, 41,250 (La.App. 2d Cir.09/01/06), 939 So.2d 563, this court observed that it is well settled that the same acts or omissions may constitute breaches of both general duties and contractual duties and may give rise to both actions in tort and actions in contract. A plaintiff may assert both actions and is not required to plead the theory of his case. Dubin v. Dubin, 25,996 (La.App. 2d Cir.08/17/94), 641 So.2d 1036. When a person negligently performs a contractual obligation, he has committed an active breach of contract which may also support an action in tort. Id.
In Cameron v. Bruce, 42,873 (La.App. 2d Cir.04/23/08), 981 So.2d 204, 207, writ denied, XXXX-XXXX (La.09/19/08), 992 So.2d 940, we stated:
A home inspector has a duty to exercise reasonable care and skill in his undertaking. A breach of that duty constitutes a tort as well as a breach of contract. One has a prescriptive period of one year from date of injury and the other is subject to a liberative prescriptive period of ten years. In medical and legal malpractice as well as in products liability cases, the legislature has acted to reclassify the wrongful act to impose the shorter prescriptive period. The amendment to the petition adding Con-Claire as a defendant was within the ten-year prescriptive period applicable to contract claims.
Kroger retained the professional engineering services of SCA in October 2001 to address the settlement problem its Bayou Walk store was experiencing. The parties entered into a three-page contract agreement drafted by SCA dated October 10, 2001, which outlined SCA's scope of work, fee, additional services, as well as additional general terms and conditions such as provisions for site access, indemnification, risk allocation, and termination of services. The record also contains evidence of a verbal agreement for changes in scope of work and/or revisions to drawings and specifications, as well as an outline/proposal prepared by SCA regarding additional work.
Kroger alleged that SCA's services were ineffective, performed negligently, and *1237 that their implementation caused additional damage to Kroger's store. This is an allegation of a breach of a contractual duty. As such the ten-year prescriptive period applies.
As to the ex delicto claim, an amending petition relates back to an original petition when the action asserted in the amending petition arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original petition. La. C.C.P. art. 1153; Reese v. State, Dept. of Public Safety and Corrections, 03-1615 (La.02/20/04), 866 So.2d 244. Kroger's "design phase" claim, filed on October 18, 2002, provided allegations that gave SCA fair notice of Kroger's cause of action for negligence arising out of professional services performed by SCA during the "repair phase." In that 2002 petition, Kroger asserted that, upon discovery of the initial settlement, requests were made in 2001 and 2002 upon the general contractor and SCA to address, remedy, and make recommendations concerning the problem. Kroger sought damages in this 2002 petition for, among other things, the costs of repairs and remediation occurring in 2001 and 2002 of approximately $1,895,000.
In its original petition, filed on October 18, 2002, Kroger did more than, as defendant has argued, "indicate its awareness" that SCA's repair attempts in 2001 and 2002 had been unsuccessful. As this claim was asserted within the applicable one-year prescriptive period, it is deemed to have been filed timely. The amending petition filed by plaintiff on March 30, 2006, stated in greater detail allegations related to Kroger's "repair phase" claim against SCA, and therefore relates back to the filing date of the original petition inasmuch as it arises out of the same factual situation as that set forth in the original petition, i.e., that plaintiff has sustained damage as a result of negligence on the part of SCA during the "repair phase."
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, DREW and MOORE, JJ.
Rehearing denied.
BROWN and DREW, JJ., would grant rehearing.