WILLIAMS, J.
[iThe plaintiff, The Kroger Company (“Kroger”), appeals a judgment in favor of the defendant, SCA Consulting Engineers, Inc. (“SCA”). The district court found that plaintiffs claim against defendant arising from the attempted repair of the building was based in tort and had prescribed. For the following reasons, we affirm.
*1234 FACTS
This matter arises out of a lawsuit filed by Kroger against numerous defendants, seeking damages caused by settlement of the foundation and floor of the Kroger store located on Youree Drive in Shreveport, Louisiana. The defendants included L.G. Barcus & Sons, Inc. (“Barcus”), which drilled and poured the auger cast piles, Professional Services, Inc. (“PSI”), the project geotechnical engineer, Travelers Casualty and Surety Company and St. Paul Fire & Marine Insurance Company, the insurers of the bankrupt contractor, Whitaker Construction Company, and SCA.
In its original petition filed in October 2002, Kroger alleged that the store’s foundation was designed and constructed in 1996 and 1997 and that the store opened for business in 1997. Kroger further alleged that SCA’s foundation design and specifications were substandard and inadequate, resulting in the cast piles not being installed to the correct depth. This allegation is referred to as the “design phase” claim. The petition also asserted that after the initial settling of the store, Kroger requested that SCA make recommendations to remedy the settlement problem, but the attempts at remediation had not been successful.
More than three years later, in March 2006, Kroger filed an amended |Ppetition reiterating the design phase allegations of the original petition and asserting a “repair phase” claim against SCA and another defendant, Hayward Baker, Inc. Specifically, in paragraphs 25, 26 and 27 of the amended petition, Kroger alleged that following completion of the original construction, Kroger retained the services of SCA to remedy the settlement problem, but that the engineering services provided by SCA were “ineffective, performed negligently, and their implementation caused additional damages to the Kroger Store.”
Subsequently, SCA filed a motion for summary judgment on the grounds that the plaintiffs claims had prescribed. The district court rendered judgment granting in part the motion for summary judgment, dismissing plaintiffs design phase claims against SCA as prescribed, but denying summary judgment as to plaintiffs repair phase claims. Kroger appealed the judgment, which was affirmed by this court in The Kroger Company v. L.G. Barcus & Sons, Inc., 43,804 (La.App. 2d Cir.1/14/09), 2 So.3d 1163, writ denied, 09-0382 (La.5/15/09), 8 So.3d 571.
In April 2008, while the appeal was pending, SCA filed an exception of prescription seeking dismissal of Kroger’s repair phase claim. In response, Kroger asserted that its claim did not sound in tort, but in contract, and was thus subject to a ten-year prescriptive period. SCA argued that Kroger’s claim was delictual and had prescribed, since the claim was not filed within the applicable one-year prescriptive period. After a hearing, the district court found that Kroger’s claim was based on negligence and subject to the one-year prescriptive period. The court rendered judgment sustaining |sSCA’s exception and dismissing Kroger’s claims. Kroger appeals the judgment.
DISCUSSION
Kroger contends the district court erred in sustaining the exception of prescription. Kroger argues that the applicable prescriptive period is ten years because the dispute with SCA is based on the parties’ contract.
Delictual actions are subject to a liberative prescription of one year, running from the day injury or damage is sustained. LSA-C.C. art. 3492. An action on a contract is governed by the prescriptive *1235 period of ten years for personal actions. LSA-C.C. art. 3499. The nature of the duty breached determines whether an action is in tort or contract. Roger v. Dufrene, 613 So.2d 947 (La.1993); Trinity Universal Insurance Co. v. Horton, 33,157 (La.App. 2d Cir.4/5/00), 756 So.2d 637. The distinction between damages ex con-tractu and damages ex delicto is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons. Even when a tortfeasor and victim are bound by a contract, courts usually apply the delictual prescription to actions that are actually grounded in tort. Trinity, supra; Harrison v. Gore, 27,254 (La. App. 2d Cir.8/23/95), 660 So.2d 563, unit denied, 95-2347 (La.12/8/95), 664 So.2d 426.
The mere fact that the circumstances arose in the context of a contractual relationship does not make the cause of action contractual. The courts are not bound to accept a plaintiffs characterization of the nature of his cause of action if unsupported by factual allegations. Thomas v. State Employees Group Benefits Program, 05-0392 (La.App. 1st Cir.3/24/06), 934 So.2d 753.
In this case, the alleged repair contract includes a writing drafted by SCA, dated October 10, 2001, stating in part: “SCOPE OF WORK: Field observation to observe possible foundation movements and negative drainage on an existing Kroger Food Store.” Kroger also points to an outline prepared by SCA that proposed measures to strengthen the cast piles as forming part of the contract for services. We will assume the existence of a repair contract as alleged for the purpose of reviewing whether Kroger’s claim has prescribed.
In its amended petition, Kroger does not allege that a specific contract provision was breached, but that SCA’s services were ineffective and negligently performed. Thus, Kroger’s petition states a cause of action for breach of a person’s general duty to perform repair work in a non-negligent, prudent and skillful manner. See LSA-C.C. art. 2316. Liability for breach of this duty arises ex delicto. Trinity, supra; K & M Enterprises of Slaughter, Inc. v. Richland Equipment Company, Inc., 96-2292 (La.App. 1st Cir.9/19/97), 700 So.2d 921. Accordingly, the district court was correct in finding that Kroger’s cause of action was in tort and subject to the one-year liberative prescriptive period of Article 3492.
As noted above, Article 3492 provides that prescription begins to run from the date injury or damage is sustained. Damage is considered to have been sustained when it has manifested itself with sufficient certainty to support the accrual of a cause of action. Cole v. Celotex Corp., 620 So.2d 1154 (La.1993); Alexander v. Fulco, 39,293 (La.App. 2d Cir.2/25/05), 895 So.2d 668. Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502; Alexander, supra.
The record demonstrates that when the original petition was filed on October 18, 2002, Kroger was aware that the services performed by SCA in 2001 and 2002 had not succeeded in resolving the settlement problem and Kroger sought to recover damages for the cost of those attempted repairs. Thus, Kroger’s amended petition of March 30, 2006 was untimely, since it was filed more than three years after prescription began running in October 2002, when Kroger possessed knowledge of the damages caused *1236 by the allegedly negligent efforts of SCA. Consequently, Kroger’s repair phase claim had prescribed and the district court did not err in sustaining SCA’s exception of prescription. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the district court’s judgment sustaining SCA’s exception of prescription is affirmed. The costs of this appeal are assessed to the appellant, The Kroger Company.
AFFIRMED.
BROWN, Chief Judge, dissents with written reasons.