Judgment rendered November 19, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,567-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CITY OF SHREVEPORT

                                                            Applicant

v.

CDM SMITH INC.; BURK-KLEINPETER, INC.; BLACK & VEATCH
CONSTRUCTION, INC.; BLACK & VEATCH CORPORATION; BLACK &
VEATCH MANAGEMENT CONSULTING, LLC; BLACK & VEATCH
PRITCHARD, INC.; BLACK & VEATCH SPECIAL PROJECTS CORP.;
FLEAUX SERVICES OF LOUISIANA, LLC; FLEAUX SOLUTIONS, LLC;
KERRY COKER; BRIONES CONSULTING AND ENGINEERING, LTD.;
DELMET SERVICES, LLC; HALL BUILDERS, INC.; IMS ENGINEERS, INC.;
KJMK MANAGEMENT, INC.; WILLIAMS CREATIVE GROUP, INC.; BELT
CONSTRUCTION, INC.; BLD SERVICES, LLC; CROCKER
CONSTRUCTION, LLC; DIXIE OVERLAND CONSTRUCTION, LLC; DON
M. BARRON CONTRACTOR, INC.; HEMPHILL CONSTRUCTION
COMPANY, INC.; INSITUFORM TECHNOLOGIES, LLC; JOHN PLOTT
COMPANY, INC.; MAC CONTRACTING GROUP, INC.; MITCHELL
CONTRACTING, INC.; PM CONSTRUCTION & REHAB, LLC; PULLEY
CONSTRUCTION, INC.; S&J CONSTRUCTION CO., INC. OF ARKANSAS;
SAK CONSTRUCTION, LLC; SUNCOAST INFRASTRUCTURE, INC.;
YOR-WIC CONSTRUCTION COMPANY, INC.

                                                            Respondents

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 639,858

Honorable Ramon Lafitte, Judge

* * * * *

| | |
|---|---|
| GREGORIO, CHAFIN, JOHNSON, TABOR & FENASCI, LLC<br>By: Scott J. Chafin, Jr. | Counsel for Applicant |

2

WALTERS, THOMAS, CULLENS, LLC
By: J.E. Cullens, Jr.
    Andrée M. Cullens
    S. Layne Lee

FLANAGAN PARTNERS, LLP               Counsel for Respondents,
By: Thomas M. Flanagan               Black & Veatch
    Camille E. Gauthier              Construction, Inc.; Black
                                         & Veatch Corporation;
                                         Black & Veatch Mgmt.
                                         Consulting, LLC; Black
                                         & Veatch Pritchard, Inc.;
                                         and Black & Veatch
                                         Special Projects Corp.

DEUTSCH KERRIGAN, LLP             Counsel for Respondent,
By: Keith Joseph Bergeron           Burk-Kleinpeter, Inc.
    Juan Jose Miranda
    Kenneth Verlander

MARK W. ODOM                       Counsel for Respondent,
                                           Don M. Barron Contractor,
                                           Inc.

WANEK, KIRSCH, DAVIES, LLC      Counsel for Respondent,
By: Peter J. Wanek                   Wicker Construction, Inc.
    Lindsay G. Faulkner

VINCENT JAMES BOOTH              Counsel for Respondent,
                                             YOR-WIC Construction
                                         Company, Inc.

WIENER, WEISS & MADISON, APC   Counsel for Respondent,
By: Franklin H. Spruiell, Jr.         CDM Smith, Inc.
    Reid Allen Jones
    Caroline Darwin Alford

FAEGRE, DRINKER, BIDDLE & REATH
By: Wayne B. Mason
    David C. Kent
    Jude T. Hickland
    S. Vance Wittie
    Tory L. Finley

KEVIN W. HAMMOND              Counsel for Respondents,
                                           Fleaux Services of LA,
                                         LLC, and Fleaux
                                       Solutions, LLC

| | |
|---|---|
| COLVIN, SMITH, McKAY & BAYS<br>By: James H. Colvin, Jr.<br>    Cole B. Smith<br>    J. Clayton Caraway | Counsel for Respondent,<br>Kerry Coker |
| GALLOWAY, JOHNSON, TOMPKINS,<br>BURR & SMITH<br>By: Doris Theresa Bobadilla<br>    Jose Luis Barro, III<br>    Wendell Faith Hall<br>    Richard G. Duplantier, Jr. | Counsel for Respondents,<br>Hall Builders, Inc., and<br>Advantage Manhole and<br>Concrete Services, Inc. |
| BROWN SIMS, PC<br>By: Thear J. Lemoine<br>    John Joseph Elmer, Jr.<br>    Jackson Olouse Scott | Counsel for Respondent,<br>IMS Engineers, Inc. |
| WILKINSON, CARMODY & GILLIAM<br>By: Bobby S. Gilliam<br>    Jonathan P. McCartney<br>    Holly Clement Allen | Counsel for Respondent,<br>Belt Construction, Inc. |
| SIMON, PERAGINE, SMITH & REDFEARN<br>By: Denise C. Puente<br>    Benjamin R. Grau<br>    Luke P. LaRocca<br>    Joshua Jefferson | Counsel for Respondent,<br>BLD Services, LLC |
| GAUDRY, RANSON, HIGGINS &<br>GREMILLION, LLC<br>By: Thomas William Darling<br>    David Jonathan Hemken<br>    Ashleigh Brooke Adams<br>    Ashley Ann Holtzman<br>    Allie Ann Hingle | Counsel for Respondents,<br>Hemphill Construction<br>Company, Inc. and<br>Suncoast Infrastructure,<br>Inc. |
| ADAMS & REESE, LLP<br>By: Kellen James Mathews | Counsel for Respondent,<br>Insituform Technologies,<br>LLC |
| BLANCHARD, WALKER, O'QUINN<br>& ROBERTS, APLC<br>By: William Michael Adams<br>    Daniel J. Baker<br>    Philip George Watson<br>    McLaurine H. Zentner<br>    Lindsey Valenti | Counsel for Respondent,<br>John Plott Company, Inc. |
| DAVENPORT, FILES & KELLY, LLP<br>By: W. David Hammett | Counsel for Respondent,<br>MAC Contracting Group,<br>Inc. |

4

TAYLOR, PORTER, BROOKS &                  Counsel for Respondent,
PHILLIPS, LLP                             Mitchell Contracting, Inc.
By: John Thomas Andrishok
    Bethany Breaux Percle
    Thomas Coulter McMahen

KEAN MILLER, LLP                          Counsel for Respondent,
By: Michael D. Lowe                       PM Construction & Rehab,
    Reagan Elizabeth LaPietra             LLC

LUNN IRION LAW FIRM, LLC                  Counsel for Respondent,
By: Harold R. Bicknell, III               Pulley Construction, Inc.

GARRISON, YOUNT, FORTE &                  Counsel for Respondent,
MULCAHY                                   SAK Construction, LLC
By: Darrin L. Forte
    Travis Lyon Garrison

LAW OFFICES OF R. GRAY SEXTON             Counsel for Respondent,
By: R. Gray Sexton                        Compliance
    Blane A. Wilson                       Envirosystems, LLC

HAILEY McNAMARA, LLP                      Counsel for Respondent,
By: David K. Persons                      Thor Construction, LLC
    Gerald F. Arceneaux

DEGAN, BLANCHARD & NASH                   Counsel for Respondent,
By: Sidney Wallis Degan, III              Portland Utilities
    Charles Belsome Long                  Construction Company,
                                          LLC

* * * * *


Before STONE, THOMPSON, and ELLENDER, JJ.

**THOMPSON, J.,**

To avoid costly EPA and LDEQ penalties relative to its sewer system, the City of Shreveport complied with a consent decree from the United States District Court for the Western District of Louisiana and undertook extensive engineering, modeling, and repairs of its sewer system, entering numerous contracts with various contractors to fulfill its obligations. The City filed a lawsuit against the contractor that created the hydraulic model for the sewer system, alleging the contractor breached its contract and committed gross negligence because the hydraulic model was defective. The City also alleged that a subcontractor, the defendant in this matter, breached its obligations to the City, because its agreement with the main contractor constituted a *stipulation pour autrui*[1] in favor of the City. The subcontractor filed an exception of no right of action, claiming that the City had no contract with it and thus no right to bring a breach of contract claim against it. The subcontractor also filed an exception of prescription, relative to claims asserted by the City arising in tort. The trial court sustained the subcontractor's exceptions and dismissed all claims against it. The City now appeals, arguing that it was a third party beneficiary of the agreement between the contractor and the subcontractor, and asserts that its action against the subcontractor is not prescribed. For reasons more fully detailed below, we reverse the trial court's judgment sustaining the exceptions of no right of action and prescription and remand the matter for further proceedings.

---

[1] A *stipulation pour autrui* is stipulation in an agreement that establishes a benefit for a third person, called a third party beneficiary. La. C. C. art. 1978.

## FACTS AND PROCEDURAL HISTORY

The City of Shreveport ("the City") was mandated by a 2014 consent decree issued by the United States District Court for the Western District of Louisiana to conduct certain work to improve its wastewater collection system. The City hired Burk-Kleinpeter, Inc. ("BKI") to create a hydraulic model as part of the work mandated by the federal consent decree. The model was to simulate the City's physical wastewater collection and transmission system and would be utilized in the design and construction of the wastewater collection improvements.

The City's contract with BKI states that BKI is an independent contractor. In a section of the City's contract entitled, "INDEPENDENT CONTRACTORS," it provides:

> Each party to this Contract, its officers, agents and employees are at all times independent contractors to the other party. Nothing in this Contract shall be construed to make or render either party or any of its officers, agents, or employees of agent, servant, or employee of, partner, limited partner, or joint venture of or with, the other.

BKI then subcontracted with Black and Veatch Corporation ("B&V") for professional services on the City's project, including "consulting, engineering, construction management and program management services" (hereinafter "the subcontract"). The operative provision of the subcontract between BKI and B&V, §6.7.3, states:

> 6.7.3. Nothing under this Agreement shall be construed to give any rights or benefits in this Agreement to anyone other than ENGINEER and CONSULTANT and all duties and responsibilities undertaken pursuant to this Agreement will be for the sole benefit of ENGINEER and CONSULTANT and not for the benefit of any other party.

The hydraulic model was delivered to the City on April 22, 2015. The City asserts that it discovered serious defects in the hydraulic model during

7

2019. The City then sued BKI, B&V, and others[2] in September 2022, based on the defective hydraulic model that it received in 2015 and discovered as defective by 2019. The City accuses these parties of gross negligence, contractual breaches, and in some cases, financial improprieties related to the sewer projects. The City sought compensation for the costs of the defective work, penalties for non-compliance with the federal consent decree, and the cost of repairing or replacing the faulty sewer system, among other damages.

In the City's third amended petition, it alleged that BKI and B&V breached their contract with the City because their subcontract contained and constituted a *stipulation pour autrui* in favor of the city. In other words, their subcontract contained and constituted an agreement that established a benefit for a third party – in this case, the City. In the event of a *stipulation pour autrui*, the parties could not mutually consent to dissolve the contract without the City's agreement. Also, a *stipulation pour autrui* would provide the City the right to prevent interference by any party with the enforcement of its rights pursuant to its prime agreement on the project.

In response, B&V filed an exception of no right of action, claiming that the City had no contract with B&V and thus no right to bring a breach of contract claim against it. B&V's exception asserted that a stipulation for a third party's benefit must make that intention manifestly clear, and that the agreement is explicit that all obligations and benefits are not "for the benefit of any other party."

---

[2] As the sole issue before the court arises only between the City, BKI, and B&V, we will not further address other parties to the litigation.

8

The trial court sustained B&V's exception of no right of action, holding that there was no *stipulation pour autrui* in the City's favor because the subcontract expressly states it is not for the benefit of any other party. Following the dismissal of the contract claim, B&V filed an exception of prescription directed to the City's remaining tort claim. B&V introduced various annual reports confirming that the City knew of the allegedly defective work more than one year before it sued.

The City responded its claim is related to engineers and is subject to a five-year prescriptive/peremptive period that displaces the ordinary one-year prescriptive period for torts, as provided in La. R.S. 9:5607. The trial court rejected the City's assertion and sustained B&V's exception of prescription. B&V was dismissed with prejudice in a final judgment entered on April 2, 2024. The City has appealed these rulings by the trial court.

While this appeal was pending, this Court decided the identical prescription/peremption issue addressed in this appeal, in a writ ruling concerning BKI's identical prescription arguments in this lawsuit. *City of Shreveport v. CDM Smith, Inc., et al.*, 56,154 (La. App. 2 Cir 7/16/2025), 417 So. 3d 86, which provided that the five-year peremptive period specified for engineers, contained in La. R.S. 9:5607, applied to BKI, rather than the one-year prescriptive period for torts, contained at the time in La. C. C. art. 3492. The City asserts that the trial court's decision on B&V's exception of prescription should be reversed based on this court's recent precedent.

**DISCUSSION**

The City asserts three assignments of error and argues that this Court should review the trial court's decisions *de novo*, as they present legal

9

determinations not dependent on the trial court's discretion or on factual findings.

**Assignment of Error No. 1**: **The trial court erred by applying the boilerplate incantation of the parties and disregarding the substance of the subcontract, thereby changing the nature of the subcontract from one that clearly contains a stipulation pour autrui in favor of the City to one that, according to the trial court, does not.**

The City argues that the substance of a juridical act, taken as a whole, should control over the parties' own characterization and labeling of their relationship. The City asserts the nature of the subcontract between BKI and B&V shows that it was intended to benefit the City, and that it contains a *stipulation pour autrui*. The City argues that the agreement stipulates a benefit for the City – the project of the updated sewer system being the desired result – and is specifically geared toward services that will benefit the City.

The City asserts that, at best, the agreement between BKI and B&V creates an ambiguity which should be resolved in the City's favor, as a third party beneficiary who did not supply its text. The City asserts that relevant jurisprudence provides that subcontracts like the one in this case are intended to benefit the owner of the project on which the subcontractor is working. Further, the City argues that the label of "independent contractor" in the agreement is not binding on the courts, which must look to the substance of the transaction in determining the rights and obligations of the parties. Finally, the City argues that although no reported Louisiana caselaw directly addresses this question, many other states hold that boilerplate "no third party benefit" clauses are not dispositive of a third party's rights and will be disregarded if the contract otherwise clearly confers a benefit on the third party.

10

In response to the City's arguments, B&V argues that while many of the other defendants have contractual relationship with the City, B&V is uniquely positioned and does not. B&V argues that a *stipulation pour autrui* may never be presumed, and the City bears the high burden of proving its existence. B&V argues the City has no right to sue B&V for breach of contract; therefore, the trial court correctly sustained the exception of no right of action.

Only a person having a real and actual interest to assert may bring an action. La. C. C. P. art. 681, *SRP Env't, LLC v. Burychka Enters., LLC*, 56,354 (La. App. 2 Cir. 7/16/25), 418 So. 3d 471; *Campbell v. Nexion Health at Claiborne, Inc.*, 49,150 (La. App. 2 Cir. 10/1/14), 149 So. 3d 436. An exception of no right of action is a peremptory exception, the function of which is to show that, based upon the facts alleged and the evidence submitted, a plaintiff has no legal right or interest in enforcing the matter asserted. La. C. C. P. art. 932; *Campbell, supra.* It asks whether the plaintiff belongs to the class of person to whom the law grants the cause of action asserted. *Campbell, supra.* The objection of no right of action tests whether this particular plaintiff, as a matter of law, has an interest in the claim sued on. The exception does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. *Garrison v. James Const. Group, LLC*, 14-0761 (La. App. 1 Cir. 5/6/15), 174 So. 3d 15, *writ denied*, 15-1112 (La. 9/18/15), 178 So. 3d 146.

The burden of proof of establishing the exception of no right of action is on the exceptor. *Campbell, supra.* An exception of no right of action

presents questions of law requiring a *de novo* review by the appellate court. La. C. C. P. art. 927; *Huggins, supra*.

A contracting party may stipulate a benefit for a third person called a third party beneficiary. Once the third party has shown his intent to avail himself of the benefit, the parties may not mutually consent to dissolve the contract without the beneficiary's agreement. La. C. C. art. 1978. The stipulation gives the third party beneficiary the right to demand performance from the promisor. La. C. C. art. 1981. To determine whether contracting parties have provided a benefit for a third person the court should consider whether: (1) the stipulation for a third party is manifestly clear, (2) there is certainty as to the benefit provided to the third party, and (3) the benefit is not a mere incident of the contract. *Joseph v. Hosp. Service Dist. No. 2 of St. Mary Parish*, 05-2364 (La. 10/15/06), 939 So. 2d 1206.

A *stipulation pour autrui* is never presumed. The person claiming the benefit has the burden of proof. *Joseph, supra*. The most basic requirement of a *stipulation pour autrui* is that the contract manifest a clear intent to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof. *Joseph, supra*.

We find that the subcontract between BKI and B&V stipulates a benefit for the City, as it is specifically geared toward services that will benefit the City. The record shows that the subcontract in question references the "prime agreement" between the City and BKI numerous times and also mentions "the project" (the sewage system) numerous times. Specifically, the subcontract provides that B&V was furnished a copy of the City's plans for the project, and would continue to receive drawings, specifications, schedules, and other materials that would be pertinent to

12

B&V to provide its services under the subcontract. The record shows that the subcontract acknowledges that BKI's ability to timely perform the project for the City under the prime agreement is dependent upon the timely performance of B&V's services pursuant to the subcontract. Additionally, the subcontract conditions payment to B&V on payment by the City to BKI. The subcontract also provides that it will terminate automatically upon termination of the prime agreement.

Considering these facts, an analysis of the factors provided in *Joseph, supra*, establishes that a *stipulation pour atrui* exists in this case. The first factor provides the most basic requirement – that the contract manifest a clear intention to benefit the third party. As detailed above, the record shows that the subcontract between BKI and B&V clearly manifests an intention to benefit the City. With numerous references to the City's prime agreement with BKI, and provisions in the subcontract that relate to the performance of obligations in furtherance of that prime agreement, B&V's subcontract with BKI clearly confers a benefit on the City. Further, the second *Joseph* factor requires certainty as to the benefit to accrue to the beneficiary. Here, we find that the subcontract referred specifically to the project, which was the hydraulic model for the City. Finally, the third factor provides that the benefit is not a mere incident of the contract between B&V and BKI. There is no question that B&V was performing work on the project that benefited the City.

We recognize that the subcontract contains the provision, §6.7.3, that aims to prevent a *stipulation pour autrui*. However, the City correctly notes that Louisiana law is clear that each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning

13

suggested by the contract as a whole. La. C. C. art. 2050. In this case, the subcontract as a whole clearly establishes a benefit to the City. Any ambiguity created by provision §6.7.3 should be resolved in the City's favor as a third party beneficiary who did not supply its text. La. C. C. art. 2056. This subcontract was clearly intended to benefit the owner of the project, the City. We agree with the City's assertions that the subcontract between BKI and B&V is specifically designed for B&V to perform a subset of the project, as defined in the prime agreement between the City and BKI; therefore, the City is a third party beneficiary of the subcontract. Accordingly, we find the City's first assignment of error has merit.

**<u>Assignment of Error No. 2</u>: The trial court erred in applying La. C. C. art. 3492 rather than La. R.S. 9:5607 to the City's tort claims against BKI, therefore finding the City's tort claims prescribed by a period of one year when the proper period is five years.**

The City argues that this Court's recent ruling in *City of Shreveport v. CDM Smith, Inc, et al., supra,* applies to the exception of prescription that it filed in this case. This Court decided the same issue on the exact same facts arising in this case; therefore, the trial court's reasoning in this matter was in error. The City argues that the trial court's ruling regarding tort claims should be reversed for that reason alone.

Additionally, the City argues that B&V based its prescription argument regarding tort claims on La. C. C. art. 3492, which provided at the time that, "delictual actions are subject to a liberative prescription of one year." The City argues that is not the applicable prescriptive period in a case against an engineer based upon its faulty acts as an engineer. The City urges that the applicable peremptive/prescriptive period is contained in La. R.S. 9:5607, which provides for a five-year period from "the date the person

14

furnishing such services has completed the services with regard to actions against that person." The City argues that the statute that is more specifically directed to the matter at issue (La. R.S. 9:5607) prevails over the more general statute (La. C. C. art. 3492). The City asserts that the five-year peremptive/prescriptive period began to run upon termination of the relationship in 2019.

As we previously discussed in the aforementioned case, *City of Shreveport v. CDM, et al., supra*, Louisiana courts of appeal disagree as to whether the five-year peremptive period in La. R.S. 9:5607 displaces the one-year prescriptive period in La. C. C. art. 3492. Although the Louisiana Supreme Court has not directly addressed the question at issue in this case, it has stated that La. R.S. 9:5607 "governs damages actions against engineers and establishes a five-year peremptive period for such claims." *Ebinger v. Venus Const. Corp.*, 10-2516 (La. 7/1/11), 65 So. 3d 1279. *See also Rando v. Anco Insulations Inc.*, 08-1163 (La. 5/22/09), 16 So. 3d 1065, *abrogated by Pete v. Boland Marine & Mfg. Co., LLC*, 23-00170 (La. 10/20/23), 379 So. 3d 636 ("[T]here is now a five-year peremptive period for claims against engineers . . . [.]") Similarly, this court had not previously considered La. R.S. 9:5607, except for Chief Judge Brown's dissent in *Kroger Co. v. L.G. Barcus & Sons, Inc.*, 44,200 (La. App. 2 Cir. 6/17/09), 13 So. 3d 1232, *writ denied*, 09-2002 (La. 11/20/09), 25 So. 3d 800, in which he stated, "La. R.S. 9:5607 now provides for a five-year liberative prescriptive/peremptive period in all actions, tort or contract, against, *inter alia,* professional engineers."

We find, as we did before, in actions against a professional engineer, whether based in tort or breach of contract, the five-year peremptive period

15

set forth in La. R.S. 9:5607 supersedes the one-year prescriptive period set forth in La. C.C. art. 3492, except when Subsection E or F of La. R.S. 9:5607 applies. When, as considered by La. R.S. 9:5607(E), a plaintiff alleges that an engineer has acted fraudulently, La. R.S. 9:5607 is not applicable and La. C. C. art. 3492 applies. Similarly, La. C. C. art. 3492 applies in proceedings initiated by the Louisiana Professional Engineering and Land Surveying Board or the State Board of Architectural Examiners, as considered by La. R.S. 9:5607(F).

As the City made no allegations of fraud by BKI and La. R.S. 9:5607(F) is not at issue in this case, the five-year peremptive period set forth in La. R.S. 9:5607, rather than the one-year prescriptive period set forth in La. C.C. art. 3492, applies in this case. Therefore, the district court erred in sustaining the partial peremptory exception of prescription. Through our *de novo* review of the record, we find that the City timely filed its petition. The City alleges that BKI and B&V continued work on the project until at least April 2019, and the City filed its petition on September 28, 2022. Pursuant to La. R.S. 9:5607(A)(3), the City filed its action for damages within five years from the date B&V completed its services pursuant to its subcontract. Accordingly, this assignment of error likewise has merit.

Because the City's first two assignments of error have merit, review of its third assignment of error regarding its unjust enrichment claim against B&V is pretermitted.

**CONCLUSION**

For the foregoing reasons, we reverse the trial court's judgment sustaining the exception of no right of action and the exception of

16

prescription and remand this matter for further proceedings.  Costs of this

appeal are assessed to defendant, Black & Veatch Corporation.

**REVERSED; REMANDED.**